BAER v. MILBOURNE, Acting Collector of Internal Revenue.

No. 5582.

District Court, D. Maryland.
March 6, 1936.

---

S. Ralph Warnken and Cook & Markell, all of Baltimore, Md., for plaintiff.

G. Randolph Aiken, Asst. U. S. Atty., of Baltimore, Md., for defendant.

CHESNUT, District Judge.

This case arises under the Federal Estate Tax Act of 1926, § 303(a)(1), as amended in 1932. The tax is laid on the net estate, which is to be computed as provided in the Act. Here there is no controversy as to the amount of the gross estate, but a sharp difference as to the deductions therefrom to determine the amount of the net estate. Act June 6, 1932, § 805, 47 Stat. 280 (26 U.S.C.A. § 1095(a)(1), now 26 U.S.C.A. § 412 and note) provides for the deduction from the gross estate of "claims against the estate." The only point in the case is the proper application of this phrase.

The particular estate is being administered in the Circuit Court of Baltimore City, where the total "claims" filed and allowed aggregated $1,294,025.77; but the assets so far realized by the executor have been sufficient to pay only $501,752.14 of this amount. The Commissioner of Internal Revenue takes the position that only claims *actually paid* can be deducted, whether the claims are valid debts or not. As the estate is clearly insolvent, the contention would be unimportant in this case were it not that, in the gross estate as computed under the Act, there was included $124,421.30 of life insurance payable to named beneficiaries and not constituting assets of the estate for payment of creditors. The final computation as made by the Commissioner (involving other items not in dispute) determined the tax due with interest to be $530.50, which the plaintiff paid, and after denial of petition for refund, has sued to recover.

The contention of the Commissioner is untenable. The phrase "claims against the estate," in the context where it appears is free from ambiguity or uncertainty. It obviously means legally valid and enforceable claims filed in good faith by creditors of the estate. The only limitation in the Act is that they must be such "as are allowed by the laws of the jurisdiction * * * under which the estate is being administered"; and they are "limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth." Revenue Act 1926, § 303(a)(1), as amended by Revenue Act 1932, § 805, 47 Stat. 280 (26 U.S. C.A. § 412 and note).

It is not disputed that at least $800,000 of the claims in this case meet these requirements, and if so, then there is no net estate to tax.

The regulations required only that the claims must be *enforceable*; but this is anyhow the meaning of the statute.

The Commissioner's contention would seem to be in effect an effort to tax the life insurance which was not an asset of the estate except for computation of the gross estate. The tax is not laid on the beneficiaries of the estate, as a succession or legacy tax, but is an excise tax on the *transfer* of the estate by death. Y. M. C. A. v. Davis, 264 U.S. 47, 50, 44 S.Ct. 291, 68 L.Ed. 558; Knowlton v. Moore, 178 U.S. 41, 49, 20 S.Ct. 747, 44 L.Ed. 969; Safe Deposit & Trust Co. v. Tait (D.C.) 7 F.Supp. 40, 47; Tait v. Safe Deposit & Trust Co. (C.C.A.) 74 F.(2d) 851. The provision of section 1114(b), 26 U.S.C.A., now 26 U.S.C.A. § 426(c) for refund by the life insurance beneficiaries to the executor of that part of the tax paid which is allocable to the life insurance included in the gross estate applies only where there is otherwise a net estate to tax.

The contention seems to lead to administrative inconsistencies. Thus the Commissioner included as his allowed deductions not merely the amount of the claims actually paid by the estate but also $69,802.59, not paid by the executor from assets of the estate, but paid by one of the life insurance beneficiaries out of the insurance, on account of a debt for which she was jointly liable with the decedent. This amount was therefore not actually paid by the executor and could not properly have been deducted in determining this net estate, consistent with the theory applied. Again the executor still has some frozen assets which when realized will afford a small further dividend to creditors, and when actually paid, would further reduce the tax, on the same theory.

Further discussion is unnecessary as the case is not one of first impression.

The Commissioner's theory was recently rejected by the Board of Tax Appeals in a similar case (involving also life insurance), Union Guardian Trust Co. v. Commissioner, B. T. A., July 19, 1935, without appeal having been taken as I am informed by counsel. It was also rejected in principle by the Court of Claims in Bourne v. United States, 2 F.Supp. 228, 231. To the same effect are Commissioner v. Strauss, 77 F.(2d) 401, 405 (C.C.A.7), and United States v. Mitchell, 74 F.(2d) 571 (C.C.A.7). I find nothing in Jacobs v. Commissioner, 34 F.(2d) 233 (C.C.A.8) really to the contrary.

The question has been fully presented on the pleadings, by plaintiff's demurrer to the defendant's pleas, as particularized. The demurrer is sustained, without leave to amend, as I understand that is not desired as there are not facts really in dispute.