ÉDITH M. O'DONNELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79980.   Promulgated January 12, 1937.

*Charles S. Fettretch, Esq.*, for the petitioner.
*Ralph F. Staubly, Esq.*, for the respondent.

252

254

HILL: Petitioner's decedent died leaving assets subject to the payment of funeral expenses and claims against the estate in the total amount of $55,611.34. The parties have stipulated, and we have so found, that the funeral expenses amounted to $862.25, which amount was fair and reasonable, and that there were valid claims against the estate, contracted bona fide and for an adequate and full consideration in money or money's worth, in the total amount of $708,473.01, or an aggregate of funeral expenses and claims in the amount of $709,335.26.

Respondent disallowed the deductions claimed for funeral expenses and debts of the decedent in excess of the amount of $55,611.34, representing the value of the assets subject to the payment of such items. Petitioner received the proceeds of certain policies of insurance on the life of the decedent, and concedes that she is liable for whatever estate tax deficiency may be due, but contends that the deficiency should be computed by allowing as deductions from the gross estate the full amount of the funeral expenses and claims as stipulated by the parties and set out in our findings of fact above.

Under the laws of the State of New York, where decedent died, the life insurance received by petitioner was not subject to the payment of decedent's debts nor of the charges against his estate.

The Revenue Act of 1926, in so far as pertinent here, is quoted in the margin.[1]

The question presented in this case has heretofore been considered and decided by us, in harmony with petitioner's contention, in *Union Guardian Trust Co., Administrator*, 32 B. T. A. 996; *Mary Q. Hallock et al., Trustees*, 34 B. T. A. 575; *Edna F. Hays et al., Executors*, 34 B. T. A. 808. See also *Commissioner* v. *Strauss* (C. C. A., 7th Cir.), 77 Fed. (2d) 401.

However, in the instant proceeding, respondent presents a new thesis with such insistence as to merit specific consideration and discussion. While respondent does not argue that the deductions in controversy do not come within the letter of the quoted statute, he says that it is an established rule of statutory construction that the

---

[1] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
(1) Such amounts for funeral expenses, administration expenses, claims against the estate, * * * to the extent that such claims * * * were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth, * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered * * *.

intent of the legislature should govern; that the intendment of the Federal estate tax statute is to impose an excise upon the donative transfer of property at death; that in addition to exemptions, including $40,000 of insurance proceeds received by a specific beneficiary, there is excluded from the measure for the tax property set aside for public and charitable uses, as well as all property which does not pass as a gratuity, leaving as the measure for the tax only the property which passes from the decedent to others as a gift.

Respondent, therefore, argues in effect that to allow the deductions claimed by the petitioner would be to permit a corresponding amount of property to pass from decedent to another as a gift without being taxed, which would defeat the object and purpose of the statute and lead to an absurdity.

In *Crooks* v. *Harrelson*, 282 U. S. 55, the collector there urged substantially the same argument as is presented by the Commissioner here. In rejecting such theory, the Court in part said:

It is urged, however, that, if the literal meaning of the statute be as indicated above, that meaning should be rejected as leading to absurd results, and a construction adopted in harmony with what is thought to be the spirit and purpose of the act in order to give effect to the intent of Congress. The principle sought to be applied is that followed by this court in *Holy Trinity Church* v. *United States*, 143 U. S. 457 * * *. But a consideration of what is there said will disclose that the principle is to be applied to override the literal terms of a statute only under rare and exceptional circumstances. The illustrative cases cited in the opinion demonstrate that, to justify a departure from the letter of the law upon that ground, the absurdity must be so gross as to shock the general moral or common sense. Compare *Pirie* v. *Chicago Title & Trust Co.*, 182 U. S. 438, 451, 452, 21 S. Ct. 906, 45 L. Ed. 1171. And there must be something to make plain the intent of Congress that the letter of the statute is not to prevail. *Treat* v. *White*, 181 U. S. 264, 268, 21 S. Ct. 611, 45 L. Ed. 853.

* * * But an application of the principle so nearly approaches the boundary between the exercise of the judicial power and that of the legislative power as to call rather for great caution and circumspection in order to avoid usurpation of the latter. * * * It is not enough merely that hard and objectionable or absurd consequences, which probably were not within the contemplation of the framers, are produced by an act of legislation. Laws enacted with good intention, when put to the test, frequently, and to the surprise of the lawmaker himself, turn out to be mischievous, absurd, or otherwise objectionable. But in such case the remedy lies with the lawmaking authority, and not with the courts. [Citing authorities.]

The effect of respondent's argument is that we should supply what he conceives to be an omission in the statute by adding the provision that the net estate should be determined by deducting claims, within the limitations stated, *only to the extent of the value of the assets or property available to pay them.* In *United States* v. *Goldenberg*, 168 U. S. 95, 102, the Court commented on this point as follows:

The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used. He is

presumed to know the meaning of words and rules of grammar. The courts have no function of legislation, and simply seek to ascertain the will of the legislator. It is true there are cases in which the letter of the statute is not deemed controlling, but the cases are few and exceptional, and only arise when there are cogent reasons for believing that the letter does not fully and accurately disclose the intent. No mere omission, no mere failure to provide for contingencies, which it may seem wise to have specifically provided for, justify any judicial addition to the language of the statute.

Respondent's contentions can not be sustained, and on authority of the decisions hereinabove cited, his action in the instant case is reversed.

*Judgment will be entered under Rule 50.*