## COMMISSIONER OF INTERNAL REVENUE v. AMES et al.

### No. 6061.

Circuit Court of Appeals, Seventh Circuit.

Feb. 26, 1937.

James W. Morris and Robert H. Jackson, Asst. Attys. Gen., and Morris Shafroth, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Herbert Pope, Benjamin M. Price, and Preston B. Kavanagh, all of Chicago, Ill., for respondents.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This is a petition to review a decision of the Board of Tax Appeals reversing an order of the Commissioner, who had found a deficiency in estate tax against the estate of Knowlton L. Ames, deceased.

Decedent left an estate valued at $2,025,976.24; $847,766.27 of which were tangible assets, and $1,178,209.97 of which were the proceeds of life insurance contracts payable to a trustee and to an individual. Valid claims against the estate totaled $6,721,007.21, none of which constituted a charge against the proceeds of the life insurance policies. Such proceeds, however, are concededly a part of the gross estate for taxation purposes, and the only question for consideration is whether the claims against the estate may be treated as deductions from such gross estate. If so, the estate is manifestly insolvent and no tax is due.

Section 303(a) (1), Revenue Act of 1926, c. 27, 44 Stat. 72, 26 U.S.C.A. § 412 and note, provides: "For the purpose of the tax the value of the net estate shall be determined * * * in the case of a resident, by deducting from the value of the gross estate—(1) Such amounts for funeral expenses, administration expenses, claims against the estate." The Commissioner contends that the gross estate here involved being one that is not burdened with the debts of the deceased, no reason appears for offsetting such claims before reaching a net estate on which to compute tax. He assumes that the tax is a succession excise and reasons therefrom that the property which does not pass (that part used for debts, etc.) having been relieved from such tax, it would be wholly absurd to construe the statute in the manner contended for by respondent, as such construction would tend to defeat its very purpose. His reasoning is not without merit, but we think the answer lies in the statute itself. The matter of deductions is wholly within the power of the legislative department, and when Congress has specified in such plain language as above indicated what sums are to be deducted from the gross estate, little is left for the courts by way of construction. We think the language plain and unambiguous, and it is not within our province to say whether founded on reason or not.

When Congress said that in fixing the net estate "claims against the estate" were to be deducted, if they had wished to make an exception and limit such deductions by excluding such portions of the estate as passed unburdened of claims under the law of the state of domicile, it would have required only the simplest kind of language to have done so. They may not have had in mind a fact situation such as is here present, and they may have wished that the applicable deductions be not applied to such an estate as the one under consideration, but for us to so assume would be pure speculation.

Petitioner further asserts that the language "shall be determined" is merely directory and that other sections of the act evidence the intention of Congress to provide such deductions as here involved only if the gross estate is chargeable with such claims. We find nothing in the act itself evidencing a legislative intention contrary to that of the plain language of section 303, (a) (1), supra. Beyond this we are not permitted to go. U. S. v. Gold-enberg, 168 U.S. 95, 18 S.Ct. 3, 42 L.Ed. 394.

In the case of Commissioner v. Strauss, 77 F.(2d) 401, the question here involved, together with other questions, was before us for consideration, and we there held in an estate that was insolvent except for the proceeds of life insurance contracts that claims of the character here involved were deductible. The nature of claims to be deducted was also considered by us in the case of U. S. v. Mitchell et al., 74 F.(2d) 571, although we did not have before us in that case the precise question here presented. We adhere to the conclusions there reached.

In establishing the guide for determination of the statutory net estate for taxation purposes, neither the Commissioner nor the courts may transgress the plain language of the act. A judicial interpretation that would limit deductible claims to those chargeable against the gross estate here in question would be unwarranted. The orders of the Board of Tax Appeals are affirmed.

Affirmed.