## COMMISSIONER OF INTERNAL REVENUE v. WINDROW.

### No. 8254.

Circuit Court of Appeals, Fifth Circuit.

March 16, 1937.

SIBLEY, Circuit Judge, dissenting.

Ralph F. Staubly and Frank T. Horner, Sp. Attys., Bureau of Internal Revenue, and Morrison Shafroth, Chief Counsel, Bureau of Internal Revenue, all of Washington, D. C., Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, of Washington, D. C., for petitioner.

Geo. S. Atkinson, of Dallas, Tex., for respondents.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This petition concerns the estate tax assessed in 1933 against an insolvent estate. The contention is over the deduction at their face amount of debt claims against the estate which, though valid, could not because of insolvency be paid in full. The controversy exists because, notwithstanding the estate's insolvency, certain life insurance in excess of $40,-000, and certain homestead property, the one not liable to the decedent's debts because not payable to the estate, the other because exempt property, but both included by the taxing statute in the gross estate, passed to the several beneficiaries by decedent's death. The taxpayer stood below and stands here on the language of the act, defining the gross estate and providing for deductions from it. The Commissioner insists that the true intent of the act is to tax not a theoretical net estate but a real one, in short all value transferred by death to others than creditors; that claims are therefore to be allowed as deductions only to the extent that they are paid or payable out of the gross estate; that if because of exemption from, or other ground of nonliability, any part of the statutory gross estate passes to beneficiaries free from debts, it passes for tax purposes without the benefit of their deduction. The Board of Tax Appeals rejected this view. It held that the claims were to be deducted at their face, citing Commissioner of Internal Revenue v. Strauss (C.C.A.) 77 F.(2d) 401, and Union Guardian Trust Co., Administrator, v. Com'r, 32 B.T.A. 996. There may now be added O'Donnell v. Commissioner, 35 B.T.A. 251.

The decisions cited by the Board insist rightly that the words of the act must be followed rather than a supposed intent not expressed by them. Where the words of a tax act have a sensible meaning, they are controlling. A real doubt as to their meaning is given in favor of the taxpayer. There seems to us no difficulty regarding, no real doubt concerning, the meaning of the words of the statute which are important here.

Section 301 (a), Revenue Act 1926, 26 U.S.C.A. § 410, reads: "A tax equal to the sum of the following percentages of the value of the net estate (determined as provided in sec. 303 [sections 411 and 412]) shall be imposed upon the transfer of the net estate of every decedent." Section 303, as amended in 1932, 47 Stats. p. 280 (26 U.S.C.A. § 412 and note), so far as here material is: "For the purpose of the tax the value of the net estate shall be determined * * * (a) In the case of a resident, by deducting from the value of the gross estate— Such amounts (1) for funeral expenses, (2) for administration expenses, (3) for claims against the estate * * * *as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being*

*administered.* \* \* \* The deduction herein allowed in the case of claims against the estate \* \* \* shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth." The words I have italicized appear in the Revenue Act of 1916, § 203 (39 Stat. 778), and in every Revenue Act since. They are significant. The permitted deduction is not of such amounts as are claimed or paid for funeral .expenses, administration expenses, and claims against the estate, but is of *such amounts as are allowed by the local law of administration for them.* Congress is contemplating an estate in the course of administration under the local law. The administrator does not have to wait until he has *paid* these expenses and claims before making his federal tax return; it is sufficient to fix his deductions that he has marshaled his estate under the state law to see what amounts that law allows for claims against it. Funeral and administration expenses are fixed or limited by the law. The deduction for these cannot exceed what the law allows, although more be paid from a solvent estate. Again these expenses are commonly given a preference in payment, so that even when the estate is insolvent they are allowed full payment, and they will similarly be recognized in the tax statement. As to "claims against the estate," they plainly include debts of the decedent and will, if just and due, be allowed for their face amount. If the estate is solvent, they will not only be allowed for their face, but that amount will be paid on them from the estate. If the estate is insolvent, though allowed for their full amount, they can be paid only in part. The claims here involved are conceded to have been incurred bona fide and upon adequate consideration. By the laws of Texas where they arose they must be allowed for at their full face value. By the express terms of the statute laying it, the tax in question here is upon the transfer of a net estate ascertained as the act prescribes by taking the deductions allowed, from the statutory gross estate, and not on every value or property that may be transferred by death. If there is no net estate as the statute defines it, there is no tax. The nature of the tax is stated, and the statute literally applied touching a deduction for a charitable bequest in Edwards v. Slocum, 264 U.S. 61, 44 S.Ct. 293, 68 L.Ed. 564. Every other deduction ought to have the full allowance that the statute provides. Courts and administrative agencies are bound to enforce the plain words of the statute although there may be reason to think, in view of the general legislative purpose that some other provision would have met with favor if the Legislature had called it to mind. We cannot, if we would, amend the statute to read *"The value* of claims against the estate," or "Claims against the estate *so far as paid."* Congress did limit claims in respect of their allowance in law; it did not limit them in respect of their payment or payability.

An allowed claim against an estate is familiar in both probate and bankruptcy law. It is a debt or charge which is valid in law, and in law is entitled to enforcement. Its legal existence as a debt or claim is not at all affected by its actual collectability, the extent to which there may be assets to meet it. Nothing more is meant by the expression in article 29 of Regulation 70 that the claim must "be one the payment of which out of the estate is authorized by the laws of the jurisdiction under which the estate is being administered." The other expressions: "If the amount which may be expended for the particular purpose is limited by local law, no deduction in excess of such limitation is permissible," and "An item may be entered on the return for deduction though the exact amount thereof is not then known provided it is ascertainable with reasonable certainty and will be paid," seem to refer particularly to the funeral and administrative expenses and family allowance which the statute also mentions as deductible rather than to the debts left by the deceased. If this article means that definitely ascertained debts of the decedent are to be recognized only insofar as they are paid, it is plainly contrary to the statute. The debts here deducted as claims against the estate are certain in amount, bona fide, and for a full original consideration. The laws of Texas allow their proving for their full amount wholly without regard to whether any of it is collectible. The taxing act authorizes the deduction from the gross estate of amounts allowed for claims by the law of the jurisdiction. The Board rightly upheld their full deduction.

Affirmed.

SIBLEY, Circuit Judge (dissenting).

Concerning the deduction for claims against an insolvent estate, it seems to me the Commissioner is right and the courts thus far are wrong. It is true that the words of the act are to be followed rather than some supposed intent not expressed by them, but I think the words of this act have not been observed nor their true sense applied. In Commissioner v. Strauss (C.C.A.) 77 F.(2d) 401, no quotation of the statute was made and no argument put forth on the present question. The holding really was (page 405) only that a claim against the estate need not have been formally allowed by the probate court or paid by the administrator in order to be deducted. It cites only the case of United States v. Mitchell (C.C.A.) 74 F.(2d) 571, in which the court seriously misquotes (page 574) not only the Revenue Act of 1926 but those preceding it as providing for deduction of "claims against the estate." The majority opinion here, though correctly quoting the statute, seems to regard it as authorizing deduction of "allowed claims against the estate" in the sense of proved claims. But Congress has been careful to say neither thing. The words in the Revenue Act of 1916, § 203, and in each act since, are that there shall be deducted *"such amounts for * * * claims against the estate * * * as are allowed by the laws of the jurisdiction,"* etc. The *claims* although proved or "allowed" in that· sense are not to be deducted, but *such amounts* as the local law *allows* for them from the estate. The administrator or executor is required to compile a return touching this tax, and in order to fix the deductions he must marshal his estate and see what the law of his administration *allows* for each deductible item. He cannot deduct for funeral expenses or expenses of administration what he may have spent or desires or intends to spend for them, but only such amounts as the law allows for them. So · also as to *debts* of the decedent which are claims against the estate. These always may be *proved* for their full, true amount, and if the estate is solvent the laws *allows* for them their full amount in settling the estate, but if the estate be insolvent the law usually does not allow payment of any common claim in full but requires that such claims as have priority be first provided for, and that the remainder of the estate be pro-

rated among the common claims. The law of Texas thus disposes of the present estate. The representative, since the estate is insolvent, must ascertain a percentage to be paid pro rata on the common claims. The amounts so arrived at are the "amounts allowed for" them by the law of the administration. Under the carefully chosen words of the Congress, these amounts only are deductible. The representative can deduct only what he is allowed by law to pay these creditors. The entire gross estate which goes to others *than creditors is taxed.* This is the true purpose of the act and the true meaning of its words.