### HELVERING v. NORTHWESTERN NAT. BANK & TRUST CO. OF MINNEAPOLIS et al.
### No. 10779.

Circuit Court of Appeals, Eighth Circuit.

April 14, 1937.

. Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (James W. Morris, Asst. Atty. Gen., and Morrison Shafroth, Chief Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for petitioner.

Grant L. Martin, of Minneapolis, Minn. (Leland W. Scott, Harry A. Blackmun, and Junell, Fletcher, Dorsey, Barker & Colman, all of Minneapolis, Minn., on the brief), for respondents.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This is a petition filed by the Commissioner of Internal Revenue to review two decisions of the United States Board of Tax Appeals in fourteen separate cases involving the federal estate tax liability of the estate of Harry E. Pence, deceased, and transferee liability of recipients of proceeds of insurance upon the decedent's life. Deceased died at Minneapolis, Minn., March 29, 1933. His estate is in process of administration by the probate court of Hennepin county, Minn. At the time of his death his gross estate, within the meaning of the Federal Estate Tax Law' (Title III of the Revenue Act of 1926, § 301 et seq., 44 Stat. 69 et seq., as amended), aggregated $1,144,892.67. Included in that amount, however, was insurance payable to named beneficiaries in the aggregate amount, in excess of the statutory exemption, of $598,183.84. At the decedent's death, there were outstanding valid claims against the estate, enforceable against it under the laws of Minnesota, to the amount of $3,906,429.82. These claims, under the Minnesota law, were not payable out of the proceeds of the life insurance. The return of the executors, filed under the Federal Estate Tax Law, deducted the full amount of the allowable claims outstanding against the estate. These deductions being far in excess of the gross estate, the return disclosed no tax liability.

The Commissioner of Internal Revenue, being of the view that the claims deductible should be limited to an amount that could be actually satisfied out of the assets of the estate within the jurisdiction of the probate court, determined a deficiency of

federal estate tax in the sum of $55,263.98. On petition for redetermination, the Board of Tax Appeals allowed the total amount of the valid claims to be deducted from the gross estate, found there was no deficiency, and hence no liability for an estate tax. This decision is before us for review.

The question presented is stated in petitioner's brief as follows: "Where valid claims, contracted bona fide and for an adequate and full consideration in money or moneys worth, were outstanding against the decedent at the date of his death, is his estate entitled to a deduction on account of such claims in excess of the amount of the value of the estate of which the decedent died possessed and available for the payment thereof, in determining the value of the net estate for the purpose of the tax?"

It is the Commissioner's contention that the claims deductible should be limited to an amount actually satisfiable out of the assets of the estate.

Section 301 of the Revenue Act of 1926, 44 Stat. 69 (26 U.S.C.A. § 410), and section 401 of the Revenue Act of 1932, 47 Stat. 243 (26 U.S.C.A. § 535 and note), impose a tax upon the transfer of the net estate of decedent. Section 302 of that act (26 U.S.C.A. § 411) prescribes the determination, of a decedent's gross estate, while section 303 (26 U.S.C.A. § 412 and note) prescribes the items deductible from the gross estate in ascertaining the net estate to which the tax attaches. This section 303 of the Revenue Act of 1926 (as amended by section 805 of the Revenue Act of 1932, 47 Stat. 280), 26 U.S.C.A. § 412 and note, in force at the date of decedent's death, so far as here applicable, provides:

"For the purpose of the tax the value of the net estate shall be determined—* * *

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(b) Such amounts—

"(1) for funeral expenses,

"(2) for administration expenses,

"(3) for claims against the estate,

"(4) * * *

"(5) * * * as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered. * * * The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth."

The tax involved is an estate tax and not a tax upon succession. Y. M. C. A. v. Davis, 264 U.S. 47, 44 S.Ct. 291, 292, 68 L.Ed. 558; Stebbins and Hurley v. Riley, 268 U.S. 137, 45 S.Ct. 424, 427, 69 L.Ed. 884, 44 A.L.R. 1454; New York Trust Co. v. Eisner, 256 U.S. 345, 41 S.Ct. 506, 65 L. Ed. 963, 16 A.L.R. 660. Considering a similar statute, the Supreme Court in Y. M. C. A. v. Davis, supra, said:

"What was being imposed here was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties, as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death."

Again, the Supreme Court in Stebbins and Hurley v. Riley, supra, pointed out that the subject of an inheritance taxing statute might be either the power of transmission of property or the privilege of taking property by devise or descent. In the course of the opinion it is said:

"There are two elements in every transfer of a decedent's estate; the one is the exercise of the legal power to transmit at death; the other is the privilege of succession."

It is clear that the statute here involved is directed to the privilege of transmission and not to the privilege of receiving the estate. The applicable taxing statutes provide (1) that the tax should apply only to the net estate, and (2) that the net estate shall consist of the balance of the defined gross estate over the defined allowable deductions. It is important, therefore, to determine what claims were deductible from the gross estate.

By the specific terms of the statute, claims against the estate which are allowed by the laws of the jurisdiction under which the estate is being administered, to the extent that they are contracted bona fide and for an adequate and full consideration in money or moneys worth, were deductible. The petitioner stresses certain

rules of statutory construction, but rules of statutory construction are to be resorted to when there is a doubt, ambiguity, or uncertainty, and they are never to be used to create doubt, but only to remove it. Minnesota Tea Co. v. Commissioner (C.C.A. 8) 76 F.(2d) 797, affirmed Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284; Adams Express Co. v. Kentucky, 238 U.S. 190, 35 S.Ct. 824, 59 L.Ed. 1267, Ann.Cas.1915D, 1167; Lang v. Commissioner, 289 U.S. 109, 53 S.Ct. 534, 77 L.Ed. 1066. The statute clearly provides that the entire amount of claims against the estate, whether allowed by the court or paid by the estate or not, must be deducted. Commissioner v. Strauss (C.C.A.7) 77 F.(2d) 401, 405; Baer v. Milbourne (D.C.) 13 F.Supp. 998; Union Guardian Trust Co. v. Commissioner, 32 B.T.A. 996.

In Commissioner v. Strauss, supra, decided by the Circuit Court of Appeals of the Seventh Circuit, it is said:

"As to deductible debts, we agree with the Board of Tax Appeals. Just as we held that the Board and the courts can not exclude trust funds that are included by the statute, so do we hold that the Commissioner may not exclude deductions in the way of claims which the statute allows. * * * The statute governs in either case. Section 303 (a) (1), Revenue Act of 1926 (26 U.S.C.A. § 1095 (a) (1) [see 26 U.S.C.A. § 412 note], does not require the allowance of the debt by the court or its payment by the estate in order that it may be deducted from the gross estate."

The petitioner mildly urges that his contention finds support in the opinion of this court in Jacobs v. Commissioner (C. C.A.8) 34 F.(2d) 233, 235. That case rested upon the peculiar fact that the widow waived the benefit of an antenuptial contract in order to accept an alternative bequest in a will. For the amount of the antenuptial agreement, claim was disallowed. For that claim there was no claimant. The teaching of the opinion of that case is found in the words, "In our opinion a claim without a claimant was not in the mind or purpose of Congress when the words 'claims against the estate' were written into the revenue statutes." Baer v. Milbourne (D.C.) 13 F.Supp. 998; In re Suderov's Estate, 156 Misc. 661, 282 N.Y. S. 405. In the instant case there are claimants.

■■■. Petitioner also relies upon administrative construction as evidenced by regulations and impliedly approved by congressional re-enactment of the statute without material change. If the statute were uncertain and indefinite, or its meaning doubtful, resort to administrative construction might be warranted, but a plain unambiguous statute cannot be amended by administrative regulation, and this contention of petitioner ignores the fact that the Board of Tax Appeals has followed the statute in its decisions, rather than the regulations promulgated by the Commissioner. The regulations in this regard had never become effective because not accepted by the Board of Tax Appeals. Union Guardian Trust Co. v. Commissioner, 32 B.T.A. 996; Hallock v. Commissioner, 34 B.T.A. 575; Hays v. Commissioner, 34 B.T.A. 808; Lyne Administrator (memo opinion in B.T.A. Docket No. 82748); Windrow's Estate (memo opinion in B.T.A. Docket No. 82748); O'Donnell, 35 B.T.A. No. 37. It is also to be observed that the regulations are inconsistent. Article 36, Regulations 70 (1929 Edition), follows the statute. It cannot, therefore, be said that Congress has accepted the Commissioner's interpretation of the statute as embodied in the regulations relied upon.

■ We are of the view that the Board of Tax Appeals properly applied the plain provisions of the statute to the facts involved in this case, and its decision is therefore affirmed.