## COMMISSIONER OF INTERNAL REVENUE v. LYNE.
### No. 3219.

Circuit Court of Appeals, First Circuit.

June 1, 1937.

Ralph Staubly, Sp. Atty., Bureau of Int. Rev., of Washington, D. C. (James W. Morris, Asst. Atty. Gen., and Morrison Shafroth, Chief Counsel, Bureau of Int. Rev., of Washington, D. C., on the brief), for petitioner.

Albert L. Hyland, of Boston, Mass. (John J. Fitz Gerald and Lyne, Woodworth & Evarts, all of Boston, Mass., on the brief), for Lyne, adm'r.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This case presents a question of some importance on the taxation of decedents' estates. For the purpose of federal taxation such estates are held to include certain property which is not regarded as part of them for probate purposes and is not available for the payment of debts. A common instance of this is insurance on the decedent's life payable by the terms of the policy directly to a beneficiary. Though not part of the estate, strictly speaking, it is taxed as part of it. The tax is imposed on the net estate; and the net estate is computed under the Revenue Act of 1926, § 303 (a) (1), 26 U.S.C.A. § 412 note (which is the act in question), by deducting from the value of the gross estate such amounts for claims against the estate "as are allowed" by the laws of the jurisdiction under which the estate was being administered. In the present case the decedent died insolvent leaving only a few thousand dollars and debts aggregating $258,000. The estate was declared insolvent in the probate court and the Commissioner allowed claims against it to the amount stated. There were policies of insurance on the life of the decedent, payable to beneficiaries other than the estate, in the amount of over $190,000, the proceeds of which less certain authorized deductions [see section 303 (a) (1)] were taxable as part of the gross estate. The administrator claimed that the debts were a deduction from the insurance money. The Commissioner held that, as the insurance money was not subject to the debts, it was not subject to deduction for debts; and he imposed the additional tax here in question. On appeal the Board of Tax Appeals disapproved his action and held that no additional tax was due. From which decision the present petition for review is taken.

The question presented is one of statutory construction.* The Commissioner has consistently held that claims against the estate were deductible only from assets of the estate which were subject to its debts. The Board of Tax Appeals and the Courts, when the question has been presented, have uniformly held the other way. Commissioner v. Ames (C.C.A.7) 88 F.(2d) 338, decided February 26, 1937; Commissioner v. Strauss, 77 F.(2d) 401 (C. C.A.7); Commissioner v. Windrow (C.C.A. 5) 89 F.(2d) 69, 70, March 16, 1937; Helvering v. Northwestern Nat. Bank (C.C.A. 8) 89 F.(2d) 553, April 14, 1937; Baer v. Milbourne (D.C.) 13 F.Supp. 998; In re Edith M. O'Donnell v. Com'r, 35 B.T.A. 251, January 12, 1937; Hallock v. Commissioner, 34 B.T.A. 575; Hays v. Commissioner, 34 B.T.A. 808; Union Guardian Trust Co. v. Commissioner, 32 B.T.A. 996.

It is argued for the Commissioner that Congress could not have intended to allow a deduction for debts except against property from which they were payable.

---

* "For the purpose of the tax the value of the net estate shall be determined— (a) In the case of a resident, by deducting from the value of the gross estate— (1) Such amounts for funeral expenses, administration expenses, claims against the estate * * * to the extent that such claims * * * were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth, * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered." Revenue Act 1926, § 303 (a) (1), 44 Stat. 72, 26 U.S.C.A. § 412 note.

This may well be so, but there is no such limitation on deductions in the language of the statute. It says, as plainly as the English language permits, that valid claims against the estate are deductible "from the value of the gross estate." We do not find any ambiguity in the statute which opens the door to interpretation or construction. Speaking of this same provision, the court said in Commissioner v. Windrow, supra: "There seems to us no difficulty regarding, no real doubt concerning, the meaning of the words of the statute which are important here." Hutcheson, J. See, too, Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156.

■■■ It is argued that the Commissioner has a certain discretion in determining what deductions shall be allowed. But the language of the statute—"the value of the net estate shall be determined * * * by deducting from the value of the gross estate * * * such amounts * * * for claims against the estate * * * as are allowed by the laws of the jurisdictio▪ * * * under which * * * the estate is being administered"—seems too direct and mandatory on this point to permit such discretionary action on his part. Where the statute is plain it is controlling. It is said for the Commissioner that the expression in the statute "such amounts for claims against the estate as are allowed" should be construed as meaning *allowed and paid*. There is nothing in the statute which warrants giving the word "allowed" such an uncommon meaning. "An allowed claim against an estate is familiar in both probate and bankruptcy law. It is a debt or charge which is valid in law, and in law is entitled to enforcement. Its legal existence as a debt or claim is not at all affected by its actual collectability, the extent to which there may be assets to meet it. * * * The debts here deducted as claims against the estate are certain in amount, bona fide, and for a full original consideration. The laws of Texas allow their proving for their full amount wholly without regard to whether any of it is collectible. The taxing act authorizes the deduction from the gross estate of amounts allowed for claims by the law of the jurisdiction." Hutcheson, J., Commissioner v. Windrow, supra.

The order of the Board of Tax Appeals is affirmed.