## KAHN et al. v. UNITED STATES.

District Court, S. D. New York.

June 29, 1937.

Riegelman, Hess & Hirsch, of New York City (Mortimer H. Hess and John.

A. Sherman, both of New York City, of counsel), for petitioners.

Lamar Hardy, U. S. Atty., of New York City (Jay Slonim, Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The suit is under the Tucker Act (28 U.S.C.A. § 41 (20) to recover an estate tax payment. It was tried on stipulated facts. One Greenhut died in 1932. He left an estate of $85,000, reduced to $77,000 after funeral expenses and administration expenses. He also left insurance policies on his life payable to others than his executors in the amount of $236,000. He owed debts of $109,000, which were a charge against the assets in his estate and rendered it insolvent, but were not a charge against the proceeds of the life insurance. In their return for estate tax the petitioners included in the gross estate the property left by the decedent; they also included the proceeds of the life insurance policies less the $40,000 exemption. As one of the deductions from gross estate, they put in the entire amount of the claims against the estate, $109,000. The Commissioner reduced this deduction to $77,000, that being the limit at which the claims could be paid out of the estate. The question is whether the $109,000 claimed is a proper deduction, in view of the fact that only $77,000 will ever be paid.

The Revenue Act of 1926, by section 303, 44 Stat. 72 (26 U.S.C.A. § 412 and note), permits deduction from the gross estate of "such amounts for funeral expenses, administration expenses, claims against the estate, * * * as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered."

The point is an open one in this circuit. In other circuits there are a number of cases sustaining the petitioners' position, to the effect that the entire amount of claims against the estate may be deducted, even though it is certain that they will not be paid in full. Commissioner v. Strauss, 77 F.(2d) 401 (C. C.A.7); Commissioner v. Ames, 88 F.(2d) 338 (C.C.A.7); Commissioner v. Windrow, 89 F.(2d) 69 (C.C.A.5); Helvering v. Northwestern Nat. Bank & Trust Co., 89 F.(2d) 553 (C.C.A.8); Commissioner v. Lyne, 90 F.(2d) 745, decided by the Circuit Court of Appeals for the First Circuit June 1, 1937. Baer v. Milbourne (D.C.) 13 F.Supp. 998 (D.C.Md.). The view is taken that, while the result is one that could hardly have been intended, the words used require that the face amount of claims allowable against the estate be deducted. In Commissioner v. Ames, supra, the decedent left property worth $800,000; he also left life insurance of $1,200,000 payable to beneficiaries and not subject to debts. It was held that debts of $6,000,000 were a proper deduction, despite the fact that not more than $800,000 could be allowed out of the estate for such debts. The effect was that $1,200,000 in life insurance passed to the decedent's beneficiaries free of estate tax.

I am persuaded that Congress, in permitting a deduction of "such amounts * * * for claims against the estate * * * as are allowed by the laws of the jurisdiction," did not have in mind the amount of claims nominally allowable against the estate, but had in mind such amounts for claims as are actually allowed out of the estate by the local law. The words are susceptible of this construction. Judge Sibley so held in his dissenting opinion in Commissioner v. Windrow, supra. That this must have been the meaning of Congress is indicated by section 315 (a) of the act (44 Stat. 80, 26 U.S.C.A. § 427), to the effect that the tax shall be a lien on the gross estate, "except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien." These two sections, 303 and 315, should be construed to harmonize with one another, and section 315 makes it evident that the deductions permitted by section 303 are intended to be no larger than the portions of the gross estate "used" for the payment of charges and expenses. This construction also carries out the general purpose of the act (44 Stat. 69, § 301 (a) et seq., 26 U.S.C.A. § 410 et seq.), which is to tax the passing of property by way of gift taking effect on death. It cannot be doubted that the deductions for funeral expenses, administration expenses, and debts of the decedent were permit-

ted because the amounts necessary to satisfy such items do not pass as gifts. The construction contended for by the petitioners tends to defeat the purpose of the act.

The Commissioner was right in reducing the deduction for claims against the estate to $77,000. It follows that the petitioners have not paid an excessive tax. There will be judgment for the defendant.