## WAINWRIGHT et al. v. KYLE.
### No. 19160.

District Court, E. D. Pennsylvania.
Oct. 29, 1937.

Calvin H. Rankin, Frederick E. S. Morrison, and Charles J. Biddle, of Philadelphia, Pa., for plaintiffs.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Milton Carr Ferguson, Sp. Asst. to Atty. Gen., for defendant.

WELSH, District Judge.

This is an action brought by the administrators of the estate of Clement R. Wainwright to recover estate taxes alleged to have been erroneously and illegally collected by the formerly acting collector of internal revenue. The parties, through their respective attorneys of record, entered into a stipulation whereby certain facts, for the purposes of this litigation, shall be taken as true, subject to the right of either party to object to the relevancy or materiality thereof, and further provided that said stipulation should be without prejudice to the right of either party to introduce other and further evidence not inconsistent with the facts therein stipulated to be taken as true.

The facts of this case, briefly stated, are as follows:

Statement of Facts.

The decedent, Clement R. Wainwright, died on April 12, 1932. Thereafter, letters of administration were issued to the plaintiffs by the register of wills in and for the county of Philadelphia, commonwealth of Pennsylvania, on April 20, 1932.

On April 11, 1933, the administrators, plaintiffs in this case, filed a federal estate tax return of the estate of Clement R. Wainwright, deceased, with Albert H. Ladner, collector of internal revenue, and reported a total gross estate subject to federal tax in the amount of $552,433.49. The return set forth total deductions from the gross estate of the decedent in the amount of $604,202.03 (including the specific exemption of $100,000 provided by section 303(a) (4) of the Revenue Act of 1926, 26 U.S.C.A. § 412(a), and as a consequence no federal estate tax was shown to be due.

The gross estate of the decedent, Clement R. Wainwright, has now been determined to be $702,883.12, which includes amounts receivable by beneficiaries of life insurance policies totalling $269,454.10, (from which was deducted the specific exemption of $40,000 allowed under section 302(g) of the Revenue Act of 1926, 26 U.S.C.A. § 411(g), thus leaving a net amount included in the gross estate subject to Federal estate tax of $229,454.10 from insurance).

Plaintiffs incurred and paid administration expenses in the sum of $4,835.25, which included executors' commissions, attorneys' fees, and miscellaneous expenses, and, in addition, expended $500 for the support of decedent's widow, all of which is allowed under the laws of the commonwealth of Pennsylvania, under which the estate is being administered, and allowed by the orphans' court of Philadelphia county, commonwealth of Pennsylvania.

At the time of decedent's death, April 12, 1932, he owed debts and there were

valid claims against the estate in the amount of $566,254.04, incurred or contracted by him bona fide and for an adequate and full consideration in money or money's worth, and which are allowed by the laws of the commonwealth of Pennsylvania, under which the estate is being administered, and were allowed by the orphans' court of Philadelphia county of the commonwealth of Pennsylvania.

Section 303(a) (4) of the Revenue Act of 1926, 26 U.S.C.A. § 412(a), provides a specific exemption of $100,000, this sum to be deducted from the value of the gross estate in addition to the other deductions.

In addition to the above, the plaintiffs incurred and paid from the estate of Clement R. Wainwright, deceased, funeral expenses in the amount of $1,088, which expenditure is allowed by the laws of the commonwealth of Pennsylvania and the payment of which amount out of the estate of the decedent is authorized by the laws of the commonwealth of Pennsylvania, under which the estate is being administered, and were allowed by the orphans' court of Philadelphia county of the commonwealth of Pennsylvania.

By letter dated May 23, 1934, the Commissioner of Internal Revenue, Washington, D. C., advised the administrators, plaintiffs herein, that as a result of an examination of the estate tax return, the revenue agent's report, and other data on file, he proposed to determine the value of the gross estate subject to federal estate tax at $702,883.12, and to allow as a deduction from the gross estate in computing the net estate only a portion of the total deductions claimed by the administrators, for the reason as set forth in said letter: "The deduction for funeral expenses, Executor's commissions, attorneys' fees, miscellaneous administration expenses, debts of the decedent and the support of dependents, is limited to the value of the assets in the gross estate (exclusive of insurance) available for the payment of same."

Based on his determination in the above paragraph, the Commissioner of Internal Revenue computed the amount of the net estate subject to federal estate tax as follows:

| | | |
|---|---|---|
| Gross estate | | $702,883.12 |
| Allowable deductions | $473,429.02 | |
| Specific exemption Sec. 303(a) | | |
| (4) | 100,000.00 | 573,429.02 |
| | | $129,454.10 |
| Deficiency in tax | | $ 2,383.62 |

Pursuant to the determination arrived at by the Commissioner of Internal Revenue, the then acting collector of internal revenue, William J. Kyle, defendant herein, mailed to the administrators of the estate, plaintiffs herein, notice and demand for additional estate tax in the amount of $2,382.62, together with interest thereon in the sum of $260.57, or a total of $2,644.19.

On March 12, 1935, plaintiffs herein paid to William J. Kyle, defendant herein, the amount so demanded, $2,644.19.

On May 18, 1935, plaintiffs, as administrators of said estate, filed with Walter J. Rothensies, collector of internal revenue, claim for refund of a portion of the taxes and interest paid, namely, $2,-527.63, claiming that the Commissioner of Internal Revenue erred in limiting the allowable deductions to $473,429.02. The Commissioner rejected the claim in full and so advised the plaintiffs by registered mail under date of June 6, 1935. No part of the claim having been refunded, suit was instituted on January 10, 1936.

For the purposes of determining the rights of the respective parties, it is thought advisable to here set forth the pertinent sections of the Revenue Act of 1926, as follows:

"[Section 300.] When used in this title [subchapter]— * * *

"(b) The term 'net estate' means the net estate as determined under the provisions of section 303 [section 412 or 461]." 26 U.S.C.A. § 530(b).

"[Section 302.] The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death; * * *

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." 26 U.S.C.A. § 411(a, g).

"[Section 303.] For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), to the extent that such claims, mortgages, or indebtedness were incurred or contracted bone fide and for an adequate and full consideration in money or money's worth, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes;
* * *

"(4) An exemption of $100,000." 26 U.S.C.A. § 412(a) and note.

"[Section 301.] * * * a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303 [sections 411 and 412]) shall be imposed upon the transfer of the net estate of every decedent * * * dying after the enactment of this act [February 26, 1926]." 26 U.S.C.A. § 410.

### Question Involved.

In computing the net estate of a decedent subject to federal estate tax, are the deductions provided by section 303(a)(1) of the Revenue Act of 1926 limited to the value of the assets in the gross estate which could be used for the payment thereof? -

The principle of this case seems to be governed by Commissioner v. Lyne, 1 Cir., 90 F.2d 745, and numerous other decisions in harmony therewith which it is not necessary for us to cite. The government relies on Articles 29 and 36 of Regulations 70, promulgated under the Revenue Act of 1926. However, in view of the decisions on the subject, we do not think it advisable to quote, nor to recapitulate the reasons therein contained.

Judgment may be entered for plaintiffs in the amount claimed, together with interest thereon, such interest to be payable from date payment was made, March 12, 1935.