### HELVERING, Commissioner of Internal Revenue, v. O'DONNELL.
### No. 166.

Circuit Court of Appeals, Second Circuit.
Feb. 7, 1938.

AUGUSTUS N. HAND, Circuit Judge, dissenting.

James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Charles S. Fettretch, of New York City, for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

A deficiency in estate tax is claimed by the Commissioner, and this petition seeks a review of the Board of Tax Appeals' determination. Sections 1001-1003 Act of 1926, c. 27, 44 Stat. 109, as amended by section 1101, Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. § 641, 642, 644, 645.

The respondent's husband died March 18, 1933, and she received, as a beneficiary of insurance on his life, the sum of $732,-681.66, which was included by the Commissioner as part of the gross estate. The funeral expenses were paid and were found to be fair and reasonable. The deceased had contracted bona fide debts for full consideration, and claims against the estate, amounting to $47,045.01, were filed and paid by the respondent out of the insurance proceeds received by her. At the time of his death, decedent was personally obligated to creditors in the amount of $159,583.11. At the time of his death, he was in sole control of two corporations. Notes representing the obligations of these corporations were endorsed by the decedent to the

extent of $501,844.89. Both corporations were insolvent and were without any assets at the time of his death. His assets consisted of properties valued at $55,611.34.

The Board of Tax Appeals held that under the provisions of section 301 of the Revenue Act of 1926, 44 Stat. 69, U.S.C. title 26, §§ 410, 411, 412, 26 U.S.C.A. §§ 410–412, a tax is imposed only upon the transfer of the value of the net estate, determined as provided in sections 302, 303, 26 U.S.C.A. §§ 411, 412. Section 302 declares what classes of property of a decedent must be included in determining the gross estate, and section 303 provides that the value of the net estate shall be determined by deducting from the value of the gross estate funeral expenses, administration expenses, and claims against the estate which are allowed by the laws of the jurisdiction under which the estate is being administered. This statute fixes a basis for the tax. Except for the provisions of subdivision (g) of section 302, 26 U.S.C.A. § 411(g), proceeds of life insurance policies payable to the respondent formed no part of the gross estate of the decedent. But the classes of property which must be included in the gross estate are specified, however arbitrary they may seem.

The act fixes the deductions from the gross estate to determine the taxable net estate. Among the deductions, as provided by subdivision (c), § 303(a) (1), as amended by section 805, Revenue Act of 1932, 26 U.S.C.A. § 412(b) and note, are claims against the estate, with the limitation that they must be such as are allowed by the laws of the jurisdiction under which the estate is being administered. Petitioner argues, however, that the deduction of claims should be limited to only those allowed and paid. The act, however, does not so read, and we cannot assume that Congress so intended. The fact that claims against the estate of the decedent may not have been paid at the time the tax upon the net estate is determined does not mean that they may not later be paid in whole or in part out of the proceeds of the life insurance policies upon which the tax is levied. Section 55-a of the New York Insurance Law, Consol.Laws, c. 28, provides in substance that, if any of the life insurance policies originally payable to executors or administrators of the decedent had been changed by him so as to be payable to a beneficiary at a time when the

deceased was insolvent, the proceeds of such policies could be reached by creditors. In re Feynman, 2 Cir., 77 F.2d 320. And, while the respondent may not, under the laws of New York, be obligated to pay the total amount of the claims against the estate, that does not warrant the tax here sought to be collected. However, the result is that the government receives the same amount in taxes which it would receive were all the assets of the gross estate liable for debts of the decedent. Death duties are necessarily measured by the situation as it exists at the time of his death. Ithaca Trust Co. v. U. S., 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647.

Other Circuit Courts of Appeals' decisions sustain these conclusions. Com'r of Internal Rev. v. Ames, 7 Cir., 88 F.2d 338; Helvering v. N. W. Nat. Bank & Trust Co., 8 Cir., 89 F.2d 553; Com'r of Internal Revenue v. Lyne, 1 Cir., 90 F.2d 745; Com'r of Internal Rev. v. Windrow, 5 Cir., 89 F.2d 69, 110 A.L.R. 1251.

■ In construing this statute, we cannot go beyond the clear and unambiguous phrase of the act, nor can we speculate that the legislative body intended something different. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156; Iselin v. U. S., 270 U.S. 245, 46 S.Ct. 248, 70 L.Ed. 566; U. S. v. Goldenberg, 168 U.S. 95, 18 S.Ct. 3, 42 L.Ed. 394.

■ Nor does article 29 of Regulation 80 relating to estate taxes require that a claim be paid in order to be deductible. Com'r v. Windrow, supra.

Decision affirmed.

AUGUSTUS N. HAND, Circuit Judge (dissenting).

This is a doubtful case, and a dissent may be thought captious in view of the weight of authority in circuits other than our own sustaining the views expressed in the majority opinion. Nevertheless the conviction that Congress never intended to allow a deduction for debts except against property from which such debts are payable seems to justify me in adopting the view of Judge Sibley, who dissented in Commissioner of Int. Rev. v. Windrow, 5 Cir., 89 F.2d 69, 72, 110 A.L.R. 1251, and of Judge Patterson, who followed that dissent in Kahn v. United States, D.C., 20 F.Supp. 312, and supplemented it with persuasive further argument.

The items which are to be deducted under section 303 of the Revenue Act of 1926, 44 Stat. 72, in determining the net taxable estate are:

"(1) Such amounts [A] For funeral expenses, [(B) For] administration expenses, [(C) For] claims against the estate, * * * as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered."

While all valid claims may be proved, it seems reasonable to hold that in arriving at the net estate only such sums are deductible as are potentially payable out of the assets under the laws of the jurisdiction in which the estate is administered. There is no practical difficulty in this. It is perfectly true that the claims as proved may not at the time the tax is assessed seem likely to be satisfied, yet the estate may so increase in value during administration that they will be paid in full. The converse may also happen. But such eventualities do not affect the assessment of estate taxes which are always based upon estimates that may not be verified by future experience.

Judge Patterson said in Kahn v. United States, D.C., 20 F.Supp. 312, 313:

"That Congress * * * did not have in mind the amount of claims nominally allowable against the estate, but had in mind such amounts for claims as are actually allowed out of the estate by the local law. The words are susceptible of this construction. * * * That this must have been the meaning of Congress is indicated by section 315(a) of the act (44 Stat. 80, 26 U.S.C.A. § 427), to the effect that the tax shall be a lien on the gross estate, 'except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.' These two sections, 303 and 315, should be construed to harmonize with one another, and section 315 makes it evident that the deductions permitted by section 303 are intended to be no larger than the portions of the gross estate 'used' for the payment of charges and expenses. This construction also carries out the general purpose of the act * * * which is to tax the passing of property by way of gift taking effect on death. It cannot be doubted that the deductions for funeral expenses, administration expenses, and debts of the decedent were permitted because the amounts necessary to satisfy such items do not pass as gifts."

Any other construction enables the objects of a decedent's bounty wholly to escape taxation if his debts happen to be greater than his assets, including the proceeds of life insurance, even though the beneficiaries of such insurance receive enormous gifts. In view of the general policy of Congress to impose some tax upon the proceeds of life insurance policies in excess of $40,000, a holding that there is to be no tax in such a case as I have put seems so extraordinary as to call for a clearer warrant for the deductions allowed by the Board of Tax Appeals than I find in the language of the statute. It is familiar law that deductions are matters of grace which must plainly appear.

In my opinion, the order should be reversed and the tax redetermined by the Board in accordance with the views I have expressed.