RAY A. BRINKER AND MARLENE A. BRINKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brinker v. Commissioner
Docket No. 7819-73.
United States Tax Court
T.C. Memo 1975-244; 1975 Tax Ct. Memo LEXIS 130; 34 T.C.M. (CCH) 1054; T.C.M. (RIA) 750244; July 22, 1975, Filed Ray A. Brinker and Marlene A. Brinker, pro se. Gerald J. O'Toole, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $4,341.21 in petitioners' income tax for the taxable year 1971. The sole issue is whether the petitioners are entitled to deduct a loss on the sale of their residence under *132 section 165(c)(2). [1]
Petitioners are husband and wife and resided in Summit, New Jersey, at the time the petition herein was filed. They filed a joint Federal income tax return for the taxable year 1971 with the district director of internal revenue, Newark, New Jersey. During the period of approximately January 1, 1965 to July 1, 1969, petitioner Ray A. Brinker was a physician practicing in the St. Louis, Missouri, area. In February 1965, petitioners purchased a house (hereinafter referred to as the St. Louis Property) for use as a personal residence. The total purchase price was $28,500. Petitioners *133 resided therein until approximately July 1, 1969, when they moved to the New York metropolitan area. Petitioners' instructions to their real estate agent at the time they moved from the St. Louis Property was that it be sold or rented. The property remained vacant from the time petitioners moved out in July of 1969 until it was sold on August 12, 1971 for $27,000. Petitioners' adjusted basis for determining gain or loss on the sale of the property was $38,920. They had selling expenses of $1,620. The trial herein consisted entirely of a statement by petitioner Ray A. Brinker, which we treat as his testimony, that, from the time he bought the St. Louis Property for use as a residence, he intended that it would be sold at some then indeterminate future date at a profit. His position in this regard rests essentially on the premise that in the times in which we live any person who buys property, including real estate intended for, and, in fact, used as, a personal residence, does so with the intention of making a profit, if not in real dollars, then at least in absolute dollars. He thus claims that his purchase of the St. Louis Property was a "transaction entered into for profit. *134 " Section 165(c)(2). The concept is repulsive to him that, given his intention, he would be subject to tax on a gain realized on the sale (section 1002; but see section 1034), whereas a loss is totally nondeductible. Sections 1.165-9(a) and 1.262-1(b)(4), Income Tax Regs.
Faced with this statutory concept, petitioners have attempted to fit themselves within section 1.165-9(b), Income Tax Regs.: (b) Property converted from personal use. (1) If property purchased or constructed by the taxpayer for use as his personal residence is, prior to its sale, rented or otherwise appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss sustained on the sale of the property shall be allowed as a deduction under section 165(a). It has long been recognized that a taxpayer must do more than list his property for sale or rental in order to effect a conversion from personal, residential use to income-producing purposes. Edward N. Wilson,49 T.C. 406, 415 (1968), reversed and remanded on other grounds 412 F. 2d 314 (6th Cir. 1969); Allen L. Grammer,12 T.C. 34 (1949). [2] The record herein reflects *135 only that petitioners instructed their real estate agent to sell or rent the St. Louis Property and that it remained vacant from the time of their departure until the sale. On this meager record we cannot hold that a conversion to income-producing purposes occurred. Compare Heiner v. Tindle,276 U.S. 582 (1928). [3]
Petitioners are understandably perplexed over the conceptual difficulties in synthesizing the tests of "held for the production of income" within the meaning of sections 167 and 212 and of "otherwise appropriated to income-producing purposes" within the meaning of section 1.165-9(b)(1), Income Tax Regs. However, as we elaborated in Theodore H. Cowles, Jr.,T.C. Memo. 1970-198, this "distinction has long been established in the decided cases" and "we are unwilling to chart a new course," which is precisely what petitioners would have us do. *136 While the courts are not unalterably wedded to adherence to prior decisions, the doctrine of stare decisis does occupy an important position in judicial thinking and should not lightly be disregarded. See Edna Bennett Hirst,63 T.C. 307 (1974), on appeal (4th Cir., Mar. 7, 1975); Eugene G. Feistman,63 T.C. 129 (1974). See also concurring opinion of Mr. Justice Frankfurter in Reid v. Covert,354 U.S. 1, 50-51 (1957). When we take this into account and also the fact that Congress has seen fit to deal specifically with other aspects of tax consequences arising from the sale of a personal residence (sections 121 and 1034), we feel compelled to conclude that, whatever economic or social appeal petitioners' position may have, the impetus for allowance of a loss such as is claimed herein must come from the legislative branch. [4] Cf. Kenneth Farmer Darrow, 64 T.C. (May 14, 1975); Edith M. O'Donnell,35 B.T.A. 251 (1937), affd. 94 F. 2d 852 (2d Cir. 1938). Finally, we note that even if petitioners had carried their burden of proving that the St. Louis Property had been converted to income-producing *137 purposes (see Rule 142, Rules of Practice and Procedure of this Court), which they have not, we still could not allow the deduction, for petitioners have introduced no evidence of the property's fair market value as of July 1, 1969, when they claim to have converted it. Section 1.165-9(b)(2), Income Tax Regs.[5] Indeed, in the absence of such proof, petitioners might well have been unable to fit themselves into the mold of sections 167 or 212, had those sections been in issue herein. Frank A. Newcombe,54 T.C. 1298 (1970). See also Richard R. Riss, Sr.,56 T.C. 388, 416-417 (1971). Decision will be entered for the respondent.
Footnotes
1. All section references herein shall refer to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. SEC. 165. LOSSES. (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * * *
(c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- * * * * *
(2) Losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * *↩
2. See Richard F. Cottrell,T.C. Memo. 1970-218; Theodore H. Cowles, Jr.,T.C. Memo. 1970-198↩, and cases cited in n. 3 thereof.
3. Compare also George H. Frahm,T.C. Memo. 1974-138, and Paul H. Rechnitzer,T.C. Memo. 1967-55↩.
4. We note in passing that judicial adoption of petitioners' position could at best produce a long-term capital loss (see section 165(f)) which would be subject to the limitation of section 1211(b).↩
5. See Richard F. Cottrell,supra,↩ fn. 2.