### BOURNE et al. v. UNITED STATES.
### No. L-43.

Court of Claims.
Jan. 9, 1933.

230

Albert L. Hopkins, of Washington, D. C. (Burlingame, Nourse & Pettit, of New York City, and Hopkins, Sutter, Halls & De Wolf of Chicago, Ill., on the brief), for plaintiffs.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Percia E. Miller, of Washington, D. C., on the brief), for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

We are of opinion that the claim for refund in this case was legally sufficient. It was timely filed and under the facts and circumstances we think it was not finally rejected within the meaning of section 3226, Revised Statutes, as amended (26 USCA § 156 and note), until August 9, 1929. This suit is based upon the items and grounds set forth in the claim and was timely instituted. We find no merit in the contention of the defendant that a valid claim for refund cannot be filed in the case of an estate tax until the administration expenses claimed have been incurred and paid. Section 403 of the Revenue Act of 1918 (40 Stat. 1098) provides that for the purpose of estate tax, the value of the net estate should be determined by deducting from the value of the gross estate such amounts for administration expenses and claims against the estate as are allowed by the laws of jurisdiction under which the estate is being administered. Other statutes from 1916 to 1926 contained substantially identical provisions.

The statute imposes only two restrictions: First, that the deductions mentioned fall within the class of administration expenses or claims against the estate; and, second, that they must be such as are allowable under the law of jurisdiction under which the estate is being administered. There was no legal impediment against a valid claim by the executors for the reasonable deduction for fees, commissions, and expenses allowable under the laws of the jurisdiction, nor against a determination and allowance on account thereof by the commissioner. It does not appear from the statute that the amounts are required either to have been allowed by actual order of the court or to have been paid, in order to be claimed by the estate or in order that an allowance could be made in respect thereof by the taxing authorities. The statute requires merely that they shall be such charges as are proper deductions and, as in the ordinary course of administration of an estate, will ultimately be allowed. Stern et al., Executors, 2 B. T. A. 102; Henry Riffel, 3 B. T. A. 436; Voelbel, Executor, 7 B. T. A. 276; Bronson et al., Trustees, 7 B. T. A. 127, affirmed (C. C. A.) 32 F.(2d) 112; Loetscher et al., Executors, 14 B. T. A. 228; Goldschmidt et al., Executors, 14 B. T. A. 1010.

In this case it appears that the commissioner was adverse to allowing the claim for refund until the claimed expenses had been paid. The estate was large and the expenses claimed were substantial. The commissioner, therefore, assured the executors that the expense deductions would be allowed and refunds made from time to time as expenses were paid. Accordingly, the claim for refund was left open or was reopened, and refunds were allowed from time to time as stated in the findings.

The last allowance of a refund under the claim filed September 24, 1924, was on February 18, 1928, at which time the balance of the claim was not specifically rejected. However, on August 9, 1929, the commissioner refused to consider further administration expenses, which had been allowed by the court and paid, and on that date definitely rejected the claim. This suit was instituted within two years from the notice of February 18, 1928, advising the executors of the allowance of a refund of $8,495 on account of the items of administration expenses contained in the schedule filed by the executors November 11, 1926, and less than two years after the final rejection of the claim on August 9, 1929.

Judgment will be entered in favor of plaintiff for $14,781.45 with interest as provided by law. It is so ordered.

BOOTH, Chief Justice, took no part in the decision of this case on account of illness.