## Price's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

544

*Winfred N. Stilwell*, for exceptant.

*George Ross, Ulric J. Mengert*, of *Montgomery & McCracken*, contra.

GEST, J., October 5, 1934.—This complicated estate has been several times before this court and opinions have been filed on its various phases in 27 Dist. R. 561, 2 D. & C. 699, and 3 D. & C. 463. The auditing judge has carefully considered the questions now raised by these exceptions in a comprehensive adjudication, and, after our study thereof, assisted by the able arguments of counsel, we are satisfied that his conclusions are entirely correct and do not think it necessary to restate the facts or to elaborate in detail what has been so fully discussed in the adjudication.

The determination of the present question virtually depends upon our prior decision in 27 Dist. R. 561, where we held that the attempted execution of the power of appointment conferred upon Isaac P. Cadwallader by the will of Isaac C. Price was invalid because the donee failed to comply with the requirements of the donor's will. It cannot be disputed that this decision was correct; at any rate, no appeal was taken from it, and it must be now considered as settled. And it is clear that Isaac Price Cadwallader intended by the third clause of his will to give to Nellie Hall, the present exceptant, only that part of the estate of Isaac C. Price, her grandfather, over which he was vested with a power of appointment.

It is futile to argue, although it may be admitted that Isaac Price Cadwallader intended to benefit Nellie Hall, as his intention was unfortunately not legally carried into effect. In cases where a testator makes a bequest to charitable uses and fails to have his will duly attested, the bequest falls, although there is no doubt about his intention, and this case is parallel, as the testator, Isaac C. Price, required that this power of appointment should be executed with the same formality. If this third clause of the will of Isaac P. Cadwallader is out of the case, as the auditing judge correctly held, the will gives this reversionary interest in the estate of Isaac C. Price to Mary P. C. Fourl as part of his own residuary estate.

We have considered with care the authorities cited by the learned counsel for the exceptant, but they do not convince us. He relies to some extent upon Sing v. Leslie, 2 Hem. & M. 68, decided by Vice Chancellor Sir W. Page Wood in 1864, which has not been referred to in any later decision, so far as we can find. The facts of that complicated case are quite different from those of the present, and indeed it would appear that the power in that case no longer existed at the time of the donee's death, which would sufficiently distinguish it. But even if the case were directly in point, it would not control our decision, which we are entirely satisfied to rest upon the adjudication of the auditing judge.

The exceptions are dismissed and the adjudication confirmed absolutely.