## CONNOR et al. v. UNITED STATES.
### No. L–508.

Court of Claims.
Feb. 3, 1936.

Howe P. Cochran, of New York City (C. Leo De Orsey, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judge.

LITTLETON, Judge.

The Tillotson Manufacturing Company, herein referred to as the taxpayer, overpaid its income and profits tax for 1917 in the amount of $17,964.53 in excess of the partial allowance of $8,900.41 made by the Bureau of Internal Revenue in April, 1926, which was scheduled in May, 1926, and credited in partial satisfaction of a jeopardy assessment theretofore made for 1918.

There is no question concerning the overpayment and the amount thereof is stipulated. The only question involved, which was raised by the defendant for the first time after this suit had been instituted, is whether the allowance of an overassessment in 1926 of $8,900.41 for 1917 in the circumstances disclosed by the facts in this case constituted a disallowance and rejection of the specific grounds of the taxpayer's claim for refund for that year for a much larger overpayment within the meaning of section 3226 of the Revised Statutes as amended (26 U.S.C.A. §§ 1672–1673). This section provides that suit must be instituted within two years after the disallowance of that portion of the claim to which the suit relates.

Plaintiffs contend: (1) That by reason of the nature of the questions involved which were made the grounds of its claim for refund for 1917, as well as a claim filed for 1918, and by reason of the fact that the questions which involved a determination of values for properties in 1901 and 1913 for invested capital and depreciation purposes affected in like manner the correct tax liability of the taxpayer for the years 1917 to 1919, inclusive, then under consideration, the last two years being subject to review by the Board of Tax Appeals before the Commissioner's decision became final, the Bureau of Internal Revenue did not disallow or reject the 1917 refund claim for the claimed overpayment in excess of the overassessment determined when the sixty-day deficiency notices and the certificates of overassessment for 1917 and 1918 were mailed in 1926. (2) That this was simply a partial allowance of the refund claimed on matters agreed to in the Bureau and that this position is supported by proof which shows that everyone in the Bureau of Internal Revenue who considered the case treated the year 1917 as being still open for further allowance on the claim for refund in the event any change should be made in the determinations theretofore made until the matter of legal sufficiency of the refund claim arose. And (3) that the Commissioner in refusing to refund the additional overpayment for 1917, resulting from the settlement agreement of the matters in controversy, did so not on the ground that the refund claim for 1917 had previously been disallowed, but that the only claim which had been filed in time was legally insufficient and that the attempted amendment under the provisions of Treasury Decision 4266 was invalid because the ground stated in the amendment had not been specified in the timely claim.

The facts established by the evidence support the contention of plaintiffs that the 1917 refund claim was not disallowed and rejected until March 4, 1930. There was no specific disallowance or rejection in 1926, or at any time prior to March 4, 1930, of the grounds of the claim for that portion of the overpayment in excess of

the overassessment of $8,900.41. Neither the certificate of overassessment for 1917 delivered to the taxpayer nor the audit letter attached thereto contained any statement that either the refund claim for $1 or the claim for $45,815.40 was or would be rejected for any portion of the amount claimed. The only statement made with reference to the claims was in the certificate of overassessment in which it was stated that the claims for refund had been given consideration.

After the overassessment of $8,900.41 had been computed and scheduled, and the amount thereof credited in partial satisfaction of a jeopardy assessment for 1918, no statement of the account for 1917 was furnished to the taxpayer and the space provided for that purpose on the certificate of overassessment was left blank. There were good and valid reasons why the Bureau of Internal Revenue should not disallow and reject the refund claim at that time. The orderly disposition of all cases in the Bureau involving the same questions without the necessity of separate suits before the court for one year and before the Board of Tax Appeals for other years justified the withholding of a final disallowance and rejection of the claim at the time the partial allowance was determined.

The questions at issue and made the grounds of the refund claim had their origin in 1901 and 1913 and it was recognized that if the taxpayer's contentions, which involved questions of fact, were later settled or sustained in whole or in part by the Board of Tax Appeals for the years 1918 and 1919, which were being audited in the Bureau at the same time, the overassessment for 1917, as of course, would be greater than that computed by the Bureau. In addition to this, it is established that immediately following the final audit in the Income Tax Unit and before the years 1918 and 1919 had been taken before the Board of Tax Appeals, the representative of the Commissioner to whom the cases were assigned considered the year 1917 still open for further adjustment and that all other persons under the Commissioner to whom the cases were assigned and who considered them for the purpose of arriving at an agreement of settlement to be recommended to the Commissioner for his approval likewise considered the year 1917, as well as the years 1918 and 1919, and treated the year 1917 as still being open for further adjustment and refund, until December 19, 1929, when the General

Counsel ruled that any overpayment for 1917 was barred by the statute of limitation because the refund claim was not sufficient.

 The Commissioner, when the matter was taken before him, did not take the position that the claim had previously been rejected, but he refused to refund the overpayment on the ground that the refund claim relied upon was not sufficient to authorize him to make the refund and that the attempted amendments were not proper. In this the Commissioner was in error. Factors' & Finance Co. v. United States, 56 F.(2d) 902, 73 Ct.Cl. 707, affirmed 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; Memphis Cotton Oil Co. v. United States, 59 F.(2d) 276, 75 Ct.Cl. 195, affirmed 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619. Counsel for the defendant now properly admits that the refund claim of March 15, 1923, as amended, was both timely and sufficient. In these circumstances we are of opinion that under the facts in this case the refund claim for 1917 was not finally disallowed and rejected until March 4, 1930, and that this suit was therefore timely instituted.

It was the usual practice of the Commissioner's office when disallowing a claim for refund in whole or in part to advise the taxpayer of that fact and to sign a schedule of rejection, neither of which was done in this case. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Savannah Bank & Trust Co. et al. v. United States, 58 F.(2d) 1068, 1070, 75 Ct.Cl. 245, 248. In the last-mentioned case this court stated that "the date on which a particular claim is disallowed for the purpose of computing the two-year period provided in section 3226 of the Revised Statutes [26 U.S.C.A. §§ 1672–1673 note] for the institution of suit must be determined upon the facts in each case." In Mutual Chemical Co. of America v. United States, 5 F.Supp. 550, 78 Ct.Cl. 664, we held that the allowance by the Commissioner of a part of a claim for refund is not to be taken as a rejection of the balance of the claim where the facts and circumstances show a lack of intention of such rejection; and where the Commissioner issued a certificate of overassessment for one item of a claim for refund, leaving another item, because of its dependency on a related question before the Board of Tax Appeals, his action was not such a determination of the claim as would start the running of the statutory period of limitation for suit. See

also Bourne et al. v. United States, 2 F. Supp. 228, 76 Ct.Cl. 680.

The defendant relies upon Pratt & Whitney Co. v. United States, 6 F.Supp. 574, 576, 80 Ct.Cl. 676, in support of its contention that the partial allowance in 1926 of $8,900.41 for 1917 constituted a final disallowance and rejection of the balance of taxpayer's refund claim. The case at bar is clearly distinguishable on the facts which show that the 1917 refund claim was kept open until March 4, 1930. The Pratt & Whitney Co. Case did not involve the question presented in the case at bar. In that case the Commissioner computed and scheduled the overassessment involved before the court and there was presented no question as to the partial allowance on one item and withholding rejection of the claim on another. In that case the court pointed out that when the Commissioner computed the amount to be refunded to the plaintiff and paid it, he allowed the claim for refund to that extent, but that when, instead of refunding the remainder of the overassessment scheduled which was found to be an overpayment, he credited it upon the taxes of other years, he rejected the claim for refund to the extent of these credits; and on this point the court said: "If, after the filing of this claim, the Commissioner had announced that he had considered the matter and determined that there was no overpayment, we do not think any one would claim that suit could not then be begun. In the case at bar, after consideration and having found that there was an overpayment, he announced that part of this overpayment would be credited on taxes for other years. This was in effect a disallowance of the part of the claim to which the suit relates and the provisions of section 3226 became applicable."

Plaintiff makes an alternative contention that if the refund claim was rejected in 1926 the facts show that it was reopened and finally rejected March 4, 1930, on a different ground. In view of our conclusion that the claim was not rejected until March 4, 1930, it is not necessary to discuss this point.

Judgment will be entered in favor of plaintiffs for $17,964.53 with interest at 6 per cent. per annum from June 15, 1918, to such date as the Commissioner of Internal Revenue may determine in accordance with section 177 (b) of the Judicial Code, as amended (28 U.S.C.A. § 284 (b). It is so ordered.