## BOYCE v. UNITED STATES.
### No. 42954.

Court of Claims.
Dec. 6, 1937.

William R. Green, Jr., of New York City (Satterlee & Green, of New York City, on the briefs), for plaintiff.

George W. Billings, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This suit is for the recovery of an alleged overpayment of income taxes for the calendar years 1920, 1921, and 1922. Recovery is sought on the ground that certain claims for refund were reopened and reconsidered and were not thereafter finally rejected by the Commissioner of Internal Revenue, and therefore the suit is seasonable, and is not barred by the statute of limitations.

From the facts which have been stipulated, it appears that plaintiff duly filed his income tax returns for the 3 years in question and paid the taxes due thereon. Subsequently, plaintiff filed timely claims for refund for each year on the ground that he had failed to take on his return allowable deductions for exhaustion or depreciation on a royalty contract upon a manufactured device invented by him. On December 19, 1927, the Commissioner of Internal Revenue duly notified plaintiff that his claims would be rejected on the ground that depreciation was not allowable on the royalty contract, inasmuch as the value of the contract as of March 1, 1913, depended upon two patent applications filed prior thereto and that such applications were not depreciable. The refund claims were scheduled for rejection on March 19, 1928. That these claims were duly rejected by the Commissioner is not disputed.

In December, 1927, a deficiency was asserted against the plaintiff for the year 1923 from which an appeal was taken to the Board of Tax Appeals, and the errors assigned therein were in part the same as the grounds alleged in the claims for refund for the three previous years. The proceeding before the Board was referred by the Commissioner of Internal Revenue to the Special Advisory Committee in the Bureau of Internal Revenue on November 24, 1928, and the attorney for the plaintiff commenced negotiations before the Special Advisory Committee for a settlement of this proceeding. During these negotiations, it appears that the claims for refund, above referred to, were obtained from the files of the Bureau of Internal Revenue by the Special Advisory Committee and the deficiency for 1923 and the claims for refund for the three previous years were the subject of conferences between the members of that Committee and the attorney for the plaintiff. Subsequently, counsel for plaintiff made two written proposals to the Special Advisory Committee for a settlement, first upon the case pending before the Board of Tax Appeals and, in the alternative, second, upon the claims for refund and also the deficiency before the Board. Both of these proposals were rejected by the Special Advisory Committee. During the course of these negotiations and consideration of the two proposals made by the plaintiff, the Special Advisory Committee had a computation made of the correct tax liability for the three years covered by the refund claims. Following these negotiations and the rejection of the two proposals above mentioned, the case before the Board was settled by stipulation and the refund claims were returned to the files of the Bureau by the Special Advisory Committee with the memorandum that the claims were outlawed. On October 5, 1931, counsel for the plaintiff wrote to the chairman of the Special Advisory Committee requesting a letter "showing official disposition of the deficiencies and claims pending before the Bureau in the case of Harrison H. Boyce for the years 1920, 1921, and 1922." On October 9, 1931, the chairman wrote in reply to this letter that when the claims were considered by the Special Advisory Committee it was ascertained that the statutory period for refunds had expired and the claims were outlawed.

The first question with which we are confronted is whether the action of the Special Advisory Committee in considering the files of the Bureau containing the refund claims, while it had under consideration the deficiency for 1923, constituted a reopening and reconsideration of these

claims, and the bar of statute of limitations for bringing suit was removed. There is no question that the claims were rejected by the Commissioner and that the time has expired in which to bring suit on them unless they were reopened and reconsidered by the Commissioner. What constitutes reopening and reconsideration, or the final act which constitutes a determination from which the 2-year period to bring suit begins to run, depends upon the peculiar facts in each case. Connor v. United States, 13 F.Supp. 455, 460, 82 Ct. Cl. 476, and Savannah Bank & Trust Company v. United States, 58 F.2d 1068, 75 Ct.Cl. 245.

██ The facts of this case are stipulated and show that the Special Advisory Committee was created for the purpose of assisting the Commissioner in disposing of the cases pending before the Board of Tax Appeals and that the Commissioner could delegate to the Special Advisory Committee special authority in connection with special cases. Under its general powers, the matter of handling the deficiency which was then pending before the Board of Tax Appeals was included, and the stipulated facts show that the Commissioner referred this matter to the Special Advisory Committee. The facts do not show that the claims for refund which had been rejected by the Commissioner were referred by him to the Special Advisory Committee, and there is no general power delegated to the Special Advisory Committee which gives it the right to consider refund claims which have not been so specifically sent to it by the Commissioner. Doubtless, the Commissioner could have referred these claims to the Special Advisory Committee while it was considering the case before the Board, but the record does not show that he did so. It does show, however, that he expressly referred the case before the Board. Without any express delegation to the Special Advisory Committee on these refund claims, the Special Advisory Committee was without power to reopen them. Under the general powers given to it the Special Advisory Committee could only consider, and recommend to the Commissioner for final action, any matters which had been referred to it. In the settlement of the claim before the Board, the Special Advisory Committee agreed on a settlement and recommended the settlement to the Commissioner and it was the action of the Commissioner, in approving the settlement, upon which the case was finally disposed of before the Board of Tax Appeals. Although this Special Advisory Committee may have considered the refund claims for the purpose of arriving at a settlement of the case before the Board, and, in order to arrive at the amount justly due as a deficiency for 1923, it may have been necessary to compute the depreciation for the previous years, nevertheless, the Special Advisory Committee did not recommend to the Commissioner that these claims for refund be reopened and reconsidered and the Commissioner took no action in reference to them after his first rejection in 1928. The record shows that, far from a recommendation to the Commissioner for a reopening and reconsideration, the Special Advisory Committee simply returned the papers to the files of the Bureau with a notation that they were barred by lapse of time. No recommendation by the Special Advisory Committee was made to the Commissioner and he gave no approval to any consideration of them by the Special Advisory Committee. The papers were not even returned to the Commissioner. It is apparent that the Special Advisory Committee had no authority to reopen and reconsider these claims either express or implied. In the case of Connor v. United States, supra, this court said: "This special advisory committee had no authority to make final or direct settlements with the taxpayers in cases before it without the approval of the Commissioner."

In our opinion, there was no reopening or reconsideration by the Commissioner on these claims and he did not delegate the power to reopen or reconsider them to the Special Advisory Committee.

Having arrived at this conclusion, the case is finally disposed of. However, the point is made that, even if these cases were reopened and reconsidered, the letter from the chairman of the Special Advisory Committee on October 9, 1931, to the attorney for the plaintiff was notice of rejection and, suit not having been brought within 2 years after this rejection, plaintiff is barred under section 3226 of the Revised Statutes (26 U.S.C.A. §§ 1672–1673). The plaintiff contends that only the Commissioner is empowered to act on refund claims and, therefore, notice from the Special Advisory Committee would be a futile act. We do not think this is true. If the Special Advisory Committee had the power to reopen and reconsider the refund

claims on its own initiative, it certainly would have the power to close them. The greater power would certainly carry with it the lesser. Notice of such closing by the Special Advisory Committee was given to plaintiff more than 2 years prior to the institution of this suit. We have held that a letter from a Deputy Commissioner was sufficient notice and also a communication from the Assistant to the Commissioner. See William E. Jones v. United States, 5 F.Supp. 146, 78 Ct.Cl. 549, and J. E. Ervine & Company v. United States, 3 F.Supp. 334, 10 F.Supp. 1019, 81 Ct.Cl. 534.

However, we do not think it necessary to pass directly on this point because, in our view of the case, the claims were never reopened and reconsidered, and, therefore, the rejection by the Commissioner in 1928 would prevent any action from being brought more than 2 years after that time.

The petition is dismissed. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS, Judge, concur.

LITTLETON, Judge, concurs in the result.

GREEN, Judge, did not hear this case, and took no part in its decision.