**BARCLAY v. UNITED STATES.**

Civ. A. No. 3127.

District Court, W. D. Pennsylvania.

Oct. 6, 1947.

C. Ward Eicher, of Greensburg, Pa., and Lee W. Eckels and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for plaintiff.

Elliott W. Finkel, Asst. U. S. Atty., of Pittsburgh, Pa., and John W. Fisher, Sp. Asst. to Atty. Gen., for defendant.

McVICAR, District Judge.

This is an action to recover from the United States, estate taxes in which the Commissioner included one-fifth interest, of the decedent in the Emma W. Coulter estate, and in which he also disallowed plaintiff's claim of attorney's fees in the amount of $4,500 and expenses in the amount of $112.79 incurred by plaintiff in prosecuting his claim for a refund.

Rebecca Coulter Barclay, residing at Greensburg, Pennsylvania, died testate June 22, 1937. The federal estate tax return was filed September 22, 1938, and the tax shown thereon, $124,333.84, was paid on the same day. The executor elected to value the estate as of one year after the date of decedent's death, under Sec. 302(j), added to the Revenue Act of 1926 by Sec. 202(a) of the Revenue Act of 1935, 26 U.S.C.A.Int.Rev.Acts, page 231.

The Commission determined a deficiency of $34,766.58, of which notice was given on July 12, 1940. On October 11, 1940, plaintiff filed a petition with the Board of Tax Appeals. The petition was dismissed by order of the Board entered February 14, 1941, for lack of jurisdiction on the ground that the petition was filed more than ninety days after mailing of the deficiency notice. Thereupon, the deficiency of $34,766.58, with interest of $4,267.03, was assessed, and the tax and interest were paid as follows: $8,000 on June 7, 1939; $20,000 on February 18, 1941; and $11,071.04 on April 11, 1941; a total of $39,071.04 including an excess payment of $37.43. On August 22, 1941, plaintiff filed a claim for refund of $40,796.15, predicated on the issues above stated and other issues. The claim was allowed for $13,937.16, made up of tax $12,093.15; interest $1,860.58; and excess payment $37.43. The claim was rejected as to the remainder by notice dated September 22, 1942. This suit was filed August 5, 1944.

■ It is conceded that plaintiff is entitled to a deduction of $4,500 for attorney's fees in connection with the taxpayer's claim for a refund. Plaintiff is also entitled to a deduction of $112.79 by reason of expenses incurred. Bourne v. United States, 1933, 2 F.Supp. 228, 76 Ct.Cl. 680, and Hoyt v. United States, 1937, 21 F.Supp. 353, 86 Ct.Cl. 19.

The question involved is whether the one-fifth interest in the residuary estate of Emma W. Coulter, over which decedent had a power of appointment, is includable in decedent's taxable estate under section 302(a) or section 302(f) (either or both) of the Revenue Act of 1926, as amended.

The statutes and regulations involved in considering this question are:

Revenue Act of 1926.

Sec. 302, as amended by section 404 of the Revenue Act of 1934, 26 U.S.C.A.Int. Rev.Acts, page 227.

"'The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

"(a) To the extent of the interest therein of the decedent at the time of his death;

\*   \*   \*   \*   \*   \*

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will \* \* \*.'"

Sec. 303, as amended by section 403(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 232.

"For the purpose of the tax the value of the net estate shall be determined—(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—(1) such amounts— \* \* \* (B) for administration expenses \* ,\* \* as are allowed by the laws of the jurisdiction, \* \* \* under which the estate is being administered, \* \* \*".

Regulations 80 (1937 Edition) relating to the Estate Tax under Title III of the Revenue Act of 1926 and under such title as amended by the Revenue Acts of 1928, 1932, 1934, 1935 and 1936.

"Art. 13. Property of decedent at time of death.—It is designed by the foregoing provision of the statute that there shall be included in the gross estate all property of the decedent, whether real or personal, tangible or intangible, the beneficial ownership of which was in the decedent at the time of his death, except real property situate outside the United States."

The pertinent parts of the will of Emma W. Coulter, the decedent's mother, who died in 1929, are:

"All net income from the property thus held in trust \* \* \* shall be distributed \* \* \* among my children, Richard Coulter, Rebecca Coulter Barclay, Henry W. Coulter, William A. Coulter and Margaret Coulter, in equal shares, provided that, if any of my said children shall then be deceased, the share of the income which such deceased child would have received shall be disposed of in such manner as he or she may have, by his or her last will, appointed, and, in default of such appointment such share of income shall go to such person or persons, as by the laws of the State of Pennsylvania, would have been entitled to the same if such deceased child at the time of each payment of income had been legally seized and possessed of said income in his or her own right and had died intestate.

"Upon the termination of said trust, the property, real and personal, then held in trust by the trustees under this Article of this codicil shall go, absolutely, in fee simple and free from all trusts, to my said children, Richard Coulter, Rebecca Coulter Barclay, Henry W. Coulter, William A. Coulter and Margaret Coulter, in equal shares provided that, if any of my said children shall then be deceased, the share of such deceased child shall be disposed of in such manner as he or she may have by his or her last will appointed, and, in default of such appointment, such share shall go to .ch person or persons as, by the laws of the State of Pennsylvania, would have been entitled to the same if such deceased child at the time of his or her death had been legally seized and possessed of said share in his or her own right and had died intestate."

At the time of decedent's death, the above trust was still in effect and had not been terminated. The pertinent parts of the decedent's last will and testament are as follows:

"It is my will that all my just debts, funeral expenses and expenses of proving this my last Will and Testament be in the first place fully paid and satisfied."

"All the rest, residue and remainder of my estate, I will, devise and bequeath to my son, John Barclay."

■ Section 302(f), which provides: "To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will \* \* \*" is applicable to the will of decedent which reads as stated above. See generally, Rogers Estate v. Helvering, 320 U.S. 410, 64 S.Ct. 172, 88 L.Ed. 134.

Plaintiff concedes that the residuary clause in decedent's will operated, by reason of the provisions of the Pennsylvania Wills Act of 1917, Act of June 7, 1917, P.L.

403, Section 11, 20 P.S. § 223, as an exercise of the power of appointment conferred on decedent by the donor.

■ Under Pennsylvania law, a general devise or bequest constitutes an execution of a general power of appointment, unless a contrary intention is made manifest in the will. Sec. 223, Title 20, Purdon's Pa. Statutes; In re Huddy's Estate, 236 Pa. 276, 84 A. 909; In re Wilbur's Estate, 334 Pa. 45, 53, 5 A.2d 325; Provident Trust Co. of Philadelphia v. Scott, 335 Pa. 231, 6 A.2d 814.

■ The action of John Barclay, Jr., in electing to take under the will of Emma W. Coulter and not under decedent's will does not affect the legal status created by the Pennsylvania Act of Assembly and the will of decedent.

■■ The Coulter trust property is includable under section 302(a) which reads: "To the extent of the interest therein of the decedent at the time of his death; * * *." A life tenant having a general power of appointment has an estate equivalent to a fee. In re Price's Estate, 21 Pa. D. & C. 542; In re DeVictor's Estate, 39 Pa.D. & C. 551; cf. In re Perkins' Trust Estate, 314 Pa. 49, 170 A. 255. In re Wilbur's Estate, 334 Pa. 45, 53, 5 A.2d 325; Lyon v. Alexander, 304 Pa. 288, 292, 156 A. 84, 76 A.L.R. 1427; See also Curry v. McCanless, 307 U.S. 357, 371, 59 S.Ct. 900, 83 L.Ed. 1339, 123 A.L.R. 162.

Plaintiff contends that the interest of decedent in the trust fund was contingent and is not includable in the gross estate under Section 302(a). The Pennsylvania cases cited by him involve an actual condition which had to be fulfilled. In this case the right was given without a condition. See Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368. This contention is not sustained.

Defendant contends that the Coulter Trust property is includable in the decedent's tax estate under section 302(a) on the ground that decedent had a life estate and remainder in the trust fund, which constitutes a fee interest, and also by reason that the decedent blended the trust fund with her own estate. I do not pass upon this contention for the reason that I am of the opinion that the Coulter trust property is includable as part of the decedent's taxable estate under section 302(a) and (f) for the reasons already given.

Let an order for judgment be prepared and submitted in accordance with the Findings of Fact, Conclusions of Law and this Opinion.

## Findings of Fact

1. The Court finds the facts as set forth in the stipulation of the parties, filed September 17, 1947, which, by reference, is made a part hereof.

2. The will of Emma W. Coulter contains, inter alia, the following:

"All net income from the property thus held in trust under the provisions of this Article, including the net income from said trust fund, after paying from said income all taxes, charges and operating expenses of every sort, shall be distributed by said trustees, not less frequently than annually, during the existence of said trust, among my children, Richard Coulter, Rebecca Coulter Barclay, Henry W. Coulter, William A. Coulter and Margaret Coulter, in equal shares, provided that, if any of my said children shall then be deceased, the share of the income which such deceased child would have received shall be disposed of in such manner as he or she may have, by his or her last will, appointed, and, in default of such appointment, such share of income shall go to such person or persons, as, by the laws of the State of Pennsylvania, would have been entitled to the same if such deceased child at the time of each payment of income had been legally seized and possessed of said income in his or her own right and had died intestate.

"The said trust shall immediately terminate upon the death of the last survivor of said trustees and, in any event, shall terminate at the expiration of twenty-one (21) years after the date of my death.

"The said trustees are hereby empowered, in their sole discretion, to terminate the said trust at any time prior to the expiration of said period of twenty-one (21) years after my death if they shall deem proper.

"Upon the termination of said trust, the property, real and personal, then held in

trust by the trustees under this Article of this codicil shall go, absolutely, in fee simple and free from all trusts, to my said children, Richard Coulter, Rebecca Coulter Barclay, Henry W. Coulter, William A. Coulter and Margaret Coulter, in equal shares, provided that, if any of my said children shall then be deceased, the share of such deceased child shall be disposed of in such manner as he or she may have by his or her last will appointed, and, in default of such appointment, such share shall go to such person or persons as, by the laws of the State of Pennsylvania, would have been entitled to the same if such deceased child at the time of his or her death had been legally seized and possessed of said share in his or her own right and had died intestate."

3. Plaintiff concedes that the residuary clause in decedent's will which reads: "All the rest, residue and remainder of my estate I will devise and bequeath to my son John Barclay" operated, by reason of the provisions of the Pennsylvania Wills Act of 1917, Act of June 7, 1917, P.L. 403, Section 11, 20 P.S. § 223, as an exercise of the power of appointment conferred on decedent by the donor.

4. In addition to the fee and expenses allowed by the Commissioner the plaintiff has agreed to pay to said attorneys for their services in connection with said refund claim and this proceeding the sum of $4,500 and to reimburse said attorneys for expenses incurred by them, which expenses at the time of trial amounted to $83.29, of which $70.29 had actually been paid by plaintiff to said attorneys prior to the time of trial.

5. In connection with this proceeding plaintiff incurred expenses for certified copies of records of the Register of Wills for Westmoreland County, Pennsylvania, in the amount of $29.50, which certified copies were introduced in evidence as exhibits at the trial.

### Conclusions of Law

1. In computation of decedent's estate tax liability plaintiff was entitled to deduct attorney's fees in the amount of $4,500 and expenses paid or agreed to be paid by plaintiff in connection with the claim for refund here involved and the conduct of this proceeding in the amount of $112.79.

2. The monies collected by the Collector of Internal Revenue from plaintiff constituting estate tax on decedent's estate without full allowance of deductions for said attorney's fee and expenses and interest thereon were illegally collected and plaintiff is entitled to a refund of such over-payment together with interest thereon as provided by law.

3. The one-fifth interest in the residuary estate of Emma W. Coulter, over which decedent had a power of appointment is includable in decedent's taxable estate under section 302(a) and section 302(f) of the Revenue Act of 1926, as amended, 26 U.S. C.A.Int.Rev.Acts, page 227 et seq.