TANDY LEATHER COMPANY et al.,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 21850.

United States Court of Appeals
Fifth Circuit.

June 22, 1965.

Rehearing Denied July 27, 1965.

Benjamin L. Bird, Fort Worth, Tex., for appellants.

Michael K. Cavanaugh, Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Jeanine Jacobs, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., Barefoot Sanders, U. S. Atty., Dallas, Tex., for appellee, Stanley McMurry, Asst. U. S. Atty., of counsel.

Before HUTCHESON and BROWN, Circuit Judges, and KILKENNY,* District Judge.

HUTCHESON, Circuit Judge:

This is an appeal from the decision and judgment of the United States District Court for the Northern District of Texas, in a suit involving excise taxes.

Appellants sued for a refund of excise taxes collected on the retail sales of their leathercraft kits. These kits contain pre-cut leather pieces, loose zippers, snaps, belting, fasteners, and other parts, along with printed instructions on how to assemble them and finish particular desired items. It is not disputed that the lacing and glue are omitted for these legitimate business reasons: that customer preferences in these items vary; and that the fact that the length and color of lacing used depends upon the manner in which the buyer intends to decorate the finished item. Appellants sell primarily to hobbyists and handicraft workers and to institutional buyers who use the kits for teaching and performing handicraft and similar purposes. The amount of time and skill required to assemble a particular kit varies considerably with the item being made. A simple key case kit may take about thirty min-

---

* Of the District of Oregon, sitting by designation.

utes while a complicated handbag kit may require several hours to assemble and finish, but the fact remains that the taxing act relied on does not in terms or by any reasonable intendment tax the articles in question here.

The Revenue Code imposes a ten percent excise tax on the sale of *an enumerated and described list of goods or articles sold at retail* generally classified as luggage items. Included in the list are such things as wallets, handbags, billfolds, and other items which can be made from one of appellants' kits. No tax is in terms laid on any of the items sold by appellants.

The Government contended below, and contends here, that the kits are subject to the tax on the theory, not that the taxing statute specifically describes any of them, but that, though not described in terms or referred to in the taxing act, they are in fact the taxable articles merely sold in a disassembled or "knockdown", instead of a finished, condition.

■ The district court, treating the case as one involving deception and dissembling, and, therefore, of tax "windfallism", instead, as it was one involving merely whether a tax had been laid on the articles sought to be subjected to the taxing act, held that the tax on the articles involved could not be avoided by selling the ingredients of the articles broken down into their major parts to be later assembled by the purchaser, or by selling separately related items or minor components, such as lacing. The court seemed to place a great deal of emphasis on the fact that appellants had widely-used advertising to the effect that their kits were easy to assemble and on the fact that the leather had been tanned and processed from its raw state into its usable state and had been pre-cut into parts especially designed for assembly into a designated completed article. He agreed with a Treasury Ruling issued in this case and relied upon other Treasury rulings issued with respect to such items as radios, lawn mowers, jewelry and ball point pens sold in an unassembled condi-

tion. This he could not do. United States v. Bennett, 5 Cir., 186 F.2d 407.

■ Appellants, insisting that to support the collection of an excise tax, the statute must clearly lay it, contend: that, since the kits sought to be taxed are not named in the taxing law, they may not be taxed; that the tax is laid and levied on the sale of clearly defined articles; and that the taxing statute lays no tax on the sale of the articles sought to be taxed here; that, in short, absent a taxing statute covering their sale, no excise taxes can be collected thereon. At the time of sale, none of the kits could presently be used as a handbag, wallet, etc., and the purchasers of finished articles would be amazed if tendered any of appellants' kits. These were sold to buyers primarily interested in purchasing the items into which the materials in the kits could be made. In ruling as he did, that the *taxpayer had the obligation to show that sales of the articles in suit were not subject to the excise taxes collected*, the district judge was misled by the erroneous contention of the tax collector into misstating the rule of proof in a tax case. This is: that the burden in such a case is always on the collector to show, in justification of his levy and collection of an excise tax, that the statute plainly and clearly lays the tax; that, in short, the fundamental rule is that taxes to be collectible must be clearly laid.

■ The Government's claim and the judge's ruling come down in effect to the proposition that the state of construction of appellants' kits had reached such an advanced level that the tax levied on the finished products could be collected on their sale, though none had been clearly laid thereon by statute. Shades of Pym and John Hampden, of the Boston tea party, and of Patrick Henry and the Virginians! There is no warrant in law for such a holding. Gould v. Gould, 245 U.S. 151, at p. 153, 38 S.Ct. 53, 62 L.Ed. 211. In 51 American Jurisprudence, "Taxation", Sec. 316, "Strict or Liberal

Construction", supported by a great wealth of authority, it is said:

"Although it is sometimes broadly stated either that tax laws are to be strictly construed or, on the other hand, that such enactments are to be liberally construed, this apparent conflict of opinion can be reconciled if it is borne in mind that the correct rule appears to be that where the intent of meaning of tax statutes, or statutes levying taxes, is doubtful, they are, unless a contrary legislative intention appears, to be construed *most strongly against the government and in favor of the taxpayer or citizen.*[1] Any doubts as to their meaning are to be resolved against the taxing authority and in favor of the taxpayer. * * * "

The judgment was wrong. It is, therefore, reversed and the cause is remanded with directions to enter judgment for plaintiffs and for further and not inconsistent proceedings.

Judge KILKENNY concurs in this opinion and in the concurring opinion of Judge JOHN R. BROWN.

JOHN R. BROWN, Circuit Judge (concurring).

Of course hobby kits like tea chests have much in common. Both are non-provocative objects. But in determining the taxability of leather kits made for cub scouts, prison inmates, disabled veterans, and the like, I would doubt that in this sometimes weird contemporary tax world we are facing the tax tyrannies of George III. Likewise, I think it only adds to our problems to cast interpretation of tax statutes into the mold of strict or liberal construction. But I entertain no doubt of the correctness of this decision and the fabric of Judge HUTCHESON'S writing for us. I would add only that it is ironic that our answer to the Executive's importunities to stretch this statute to these artificial extents coincides with the Executive's strong recommendations to the Congress that it obliterate this tax altogether. For a nation of hobbyists with the ubiquitous do-it-your-self kits in the hands of the young, the old, the strong, the infirm, the upright, and the wayward it is inconceivable that during all of this time Congress has been oblivious to this national activity. What Congress has so long deliberately left untouched, the Judiciary at five minutes to twelve ought not to grasp.

---

1. See Miller v. Standard Nut. Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547; Commissioner of Internal Revenue v. Windrow, 89 F.2d 69, 110 A.L.R. 1251; Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756. Cf. 1 Mertens, Law of Federal Income Taxation, Sec. 3.14.