**GRAYS HARBOR CHAIR & MANUFAC-
TURING COMPANY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 3401.**

United States District Court
W. D. Washington, S. D.
Jan. 24, 1967.

Martin, Shorts & Bever and Bruce Shorts, Seattle, Wash., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., Jerome Fink, Arthur L. Biggins and Jerome L. Hillis, Attys, Dept. of Justice, Washington, D. C., Eugene G. Cushing, U. S. Atty., and Charles Billinghurst, Asst. U. S. Atty., Seattle, Wash., for defendant.

## MEMORANDUM DECISION

BOLDT, District Judge.

This is a suit for refund of excise taxes paid for the first quarter of 1964 in the amount of $94.00. Defendant has counterclaimed for the period January 1, 1958 through September 30, 1964 in the amount of $35,969.82. This court has jurisdiction under 28 U.S.C. § 1346(a). No material fact is disputed by the parties.

The sole question presented in the pretrial order is whether the manufacture and sale by plaintiff of unassembled parts of "Hi-Fi" cabinets, complete with all components in individual packages, is subject to the excise tax imposed by Section 4141 and defined by Section 4142(a) of the Internal Revenue Code (repealed June 21, 1965).

Plaintiff urges that Section 316.4(c) of Regulations 46,[1] originally issued under the 1939 Code but made applicable to the 1954 Code so far as consistent,[2] "wrongfully attempts to extend the plain language of Section 4142 of the Internal Revenue Code to include articles which are not described in the Code * * *"[3] In essence, plaintiff argues that "the word 'cabinet' as commonly used does not

1. "(c) A manufacturer who sells a taxable article in a knocked-down condition, but complete as to all component parts, is liable for the tax, and not the person who buys, and assembles a taxable article from, such component parts."

2. T.D. 6091.

3. Plaintiff's trial brief p. 4.

**256**

include a collection of pre-cut boards which can be assembled into a cabinet.[4]

■ In statutes levying taxes the literal and common meaning of the words used is most important and may not be extended by implication; any doubt must be resolved against the government and in favor of plaintiff. United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240 (1923).

■■ Even assuming the word "cabinet" may not, for tax purposes, be construed to include the component parts thereof[5] no necessity for such construction exists in this case. Section 4142(a) specifically states that "component parts of" any articles described under Section 4141 are subject to the excise tax by definition. Regulation 46–316.4(c) fairly interprets this definition without extending its meaning or purpose. Plaintiff admits the sale of "individual cabinets * * * in a knocked down condition but complete as to all component parts including nails, screws, hardware, and printed instructions for assembly,"[6] and is therefore subject to the excise tax imposed by the above provisions.

■ The superseding effect of 26 C.F.R. 48.0–4 is inapplicable to plaintiff's situation. Regulation 46–316 is specifically designated as part of "regulations issued pursuant to the Internal Revenue Code of 1939, and not entirely superseded as of January 1, 1966" by 26 C.F.R. Part 40 to Part 169, Appendix to Subchapter D, p. 558. Both Congressional approval[7] and long usage[8] have established the validity of this regulation.

The inferential contentions as to plaintiff's status as a manufacturer and the interpretation of tax statutes are without merit. United States v. Armature Exchange, 116 F.2d 969, 971 (9th Cir. 1941); United States v. Armature Rewinding Co., 124 F.2d 589, 591 (8th Cir. 1942).

Accordingly, plaintiff's claims for refund must be dismissed and judgment entered for defendant on its counterclaim.

At the convenience of counsel Findings of Fact, Conclusions of Law and Judgment as herein indicated will be submitted for signature and entry.

4. Plaintiff's trial brief p. 3.

5. Tandy Leather Co. v. United States, 347 F.2d 693 (5th Cir. 1965).

6. Pretrial Order, p. 13.

7. "Subtitle D, Sections 4001 to 4907, inclusive, consists of a rearrangement and simplification of the taxing provisions * * * of the 1939 Code * * *. No substantive changes have been made in the provisions * * *." H.Rep. No. 1337, 83rd Cong., 2d Sess. (3 U.S.C. Cong. & Adm.News (1954) 4017, 4468).

8. Hine v. United States, 113 F.Supp. 340, 125 Ct.Cl. 836 (1953); Rev.Rul. 64–339, 1964–2, Cum.Bull. 429.