Louis J. KOCUREK and Millie M. Kocurek, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. SA77CA238.

United States District Court, W. D. Texas, San Antonio Division.

July 25, 1978.

---

Reese L. Harrison, Jr., Stanley L. Blend, San Antonio, Tex., for plaintiffs.

Suzanne B. O'Neill, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

This is a case of first impression. It was brought by taxpayers Louis and Millie Kocurek to compel the refund of a part of the income taxes which they were required to pay for the taxable years 1973 and 1974. The case is before this Court on cross-motions for summary judgment, and involves an interpretation of the provisions of the Internal Revenue Code.[1] The parties have submitted a pretrial order which reflects that all of the material facts have been stipulated.

Since the Court is convinced that the income received by the taxpayers from regulated investment companies, which is classified as "capital gain dividends" by Code Section 852(b)(3), must be treated as "capital gains" pursuant to section 163(d)(1)(C), rather than utilized by the taxpayers as "investment income", as that term is defined by section 163(d)(3)(B), the government's motion for summary judgment will be GRANTED.

It is the taxpayers' position that while this income fits the definition of "capital gain dividends" in section 852(b)(3),[2] it also fits the general definition of the word "dividend" as that term is used to define "investment income" in section 163(d)(3)(B)(i).[3]

1. All statutory references herein are to the Internal Revenue Code provisions in effect for taxable years 1973 and 1974. Some of these provisions have been substantially changed by amendment in 1976.

2. Subparagraph (C) of section 852(b)(3) defines a capital gain dividend as " . . . any dividend, or part thereof, which is designated by the company as a capital gain dividend in a written notice mailed to its shareholders not later than 45 days after the close of its taxable year."

3. Section 163(d)(3)(B) provides:

(B) *Investment Income.*—The term "investment income" means—
(i) The gross income from interest, dividends, rents and royalties,
(ii) the net short-term capital gain attributable to the disposition of property held for investment, and
(iii) any amount treated under sections 1245 and 1250 as gain from the sale or exchange of property which is neither a capital asset nor property described in section 1231.

Their interpretation would result in a tax savings of $13,826.00 for the taxable year 1973 and $17,895.00 for 1974. The total refund claimed is in the amount of $31,-721.00. The government, however, contends that these two terms in the context of section 163(d) are mutually exclusive, and that a capital gain dividend must be treated as a capital gains item, pursuant to section 163(d)(1)(C).[4] In other words, the government argues that the taxpayers should not be allowed to have it both ways by treating their capital gain dividends as capital gains in order to receive a more beneficial tax rate, and then to treat them as "dividends" for purposes of computing the allowable interest deduction; and that if capital gains are to be used under section 163(d)(1)(C)[5] in calculating the limitation on interest from investment indebtedness, they must be re-characterized as ordinary income pursuant to section 163(d)(5).[6]

The taxpayers insist that their capital gain dividends properly belong within the definition of the term "dividend" as it is used in its common generic sense. Inasmuch as that term is not specifically defined by section 163, they contend that the general definition in section 316 applies. This section defines a dividend as " . . . any distribution of property made by a corporation to its shareholders . . ." Since a capital gain dividend would fit this definition, the taxpayers say that these amounts were properly reported as gross income from "dividends", as that term is used to define investment income in section 163(d)(3)(B)(i),[7] and they cite several reasons to support the application of this definition.

They first point out that Congress created an exception within section 316 to exclude insurance dividends from the general definition of dividends. Since section 316 does not contain a similar exception for capital gain dividends, taxpayers contend that the general definition should apply. Second, they cite section 852(b)(3)(C) which defines a capital gain dividend as " . . . . any dividend . . . designated by the company as a capital gain dividend . . ."[8] They thus argue that since the Code does not attempt to further define the term "dividend", Congress must have rejected attaching a secondary meaning to that term in the context of section 163(d), which was later enacted as a part of the Tax Reform Act of 1969.

The government's position, on the other hand, is that the more specific definition of capital gain dividends contained in section 852 should control, because it would be inconsistent to allow capital gain dividends to be reported as investment income under section 163(d)(1)(B), rather than as capital gains under section 163(d)(1)(C).[9]

The taxpayers also glean support for their interpretation by reference to Code Section 854, which provides certain limitations applicable to capital gain dividends. Subsection (a) of that section expressly provides for only two situations where a capital gain dividend shall not be considered as a dividend.[10] Since Congress failed to state whether or not capital gain dividends can

---

4. See footnote 14, *infra.*

5. *Ibid.*

6. Section 163(d)(5) provides:
   (5) *Capital Gains.*—For purposes of section 1201(b) (relating to alternative capital gains tax), 1202 (relating to deduction for capital gains), and 57(a)(9) (relating to treatment of capital gains as a tax preference), an amount equal to the amount of investment interest which is allowable as a deduction under this chapter by reason of subparagraph (C) of paragraph (1) shall be treated as gain from the sale or disposition of property which is neither a capital asset nor property described in section 1231.

7. See footnote 3, *supra.*

8. See footnote 2, *supra.*

9. See footnote 14, *infra.*

10. Section 854(a) provides:
    (a) *Capital Gain Dividend.*—For purposes of section 116 (relating to an exclusion for dividends received by individuals) and section 243 (relating to deductions for dividends received by corporations), a capital gain dividend (as defined in section 852(b)(3)) received from a regulated investment company shall not be considered as a dividend.

be considered as dividends for the purpose of section 163, taxpayers say that the logical inference to be drawn is that Congress intended that a capital gain dividend could be considered as a dividend for the purpose of this section.

■ Much of the taxpayers' argument relies upon prior legislation and upon inferences drawn from the failure of Congress to act so as to specifically provide for the resolution of the question here presented. In this connection, it should be observed that neither section 316 nor section 854, relied upon by the taxpayers, was amended by the Tax Reform Act of 1969, which included section 163(d) for the first time. Of course, it is true that as a general rule of law, when a taxing statute is ambiguous, the doubt must be construed most strongly against the government and in favor of the taxpayer. *Tandy Leather Co. v. United States,* (5th Cir. 1965) 347 F.2d 693, 694–95, and cases cited therein.

The government itself relies in part upon prior legislation when it cites section 852(b)(3)(B), which provides:

> (B) Treatment of capital gains by shareholders.—A capital gain dividend shall be treated by the shareholders as a gain from the sale or exchange of a capital asset held for more than 6 months.

This provision originally dictated the treatment of capital gain dividends for the purposes of imposition of tax. The clear import and general applicability of this rule simply cannot be ignored. Although the taxpayers contend that this provision does not change the basic nature of a capital gain dividend, the clear command therein that capital gain dividends must be treated as capital gains, cannot be denied.

■ Insofar as the taxpayers argue that the use of the word "dividend" in Section 163(d)(3)(B)(i) [11] creates an ambiguity so as to justify the taxpayers in treating their capital gain dividends as either capital gains under section 163(d)(1)(C),[12] or as investment income under section 163(d)(1)(B),[13] it appears that this argument must fail in light of the legislative history of the Tax Reform Act of 1969.

Prior to the 1969 amendments there was no limitation on the amount of interest which a taxpayer could deduct, particularly for interest expenses on funds borrowed to acquire investment assets. Subsection (d) of section 163 was proposed to impose such a limitation. In explaining the operation of this limitation upon interest on investment indebtedness, the House Report stated that such " . . . interest which is in excess of $25,000 would first offset the amount of the taxpayer's net investment income *taxed as ordinary income."* H. R. Rep. No. 91–413, 91st Cong., 1st Sess., reprinted in [1969] U.S.Code Cong. & Admin. News, pp. 1645, 1718–1720 (emphasis added). It was originally intended, therefore, that investment income taxable as ordinary income was to be classified separately from items taxable as capital gains. This amendment was deleted by the Senate and later reappeared in the conference substitute. Although the above quoted language was omitted from their report, the Conference Committee followed the House provisions as modified. Conf. Rep. No. 91–782, 91st Cong., 1st Sess., reprinted in [1969] U.S.Code Cong. & Admin. News, pp. 2392, 2414–2415.[14]

■ Finally, additional support for the government's position can be drawn from an analysis of the minimum tax on tax

11. See footnote 3, *supra.*

12. See footnote 14, *infra.*

13. See footnote 14, *infra.*

14. Section 163(d)(1) provided for a limitation on the amount of interest on investment indebtedness allowable as a deduction as follows:

(1) *In general.*—In the case of a taxpayer other than a corporation, the amount of investment interest (as defined in paragraph (3)(D)) otherwise allowable as a deduction under this

chapter shall be limited, in the following order, to—

(A) $25,000 ($12,500, in the case of a separate return by a married individual), plus

(B) the amount of the net investment income (as defined in paragraph (3)(A)), plus the amount (if any) by which the deductions allowable under this section (determined without regard to this subsection) and sections 162, 164(a)(1) or (2), or 212 attributable to property of the taxpayer subject to a net lease exceeds the rental income produced by such property for the taxable year, plus

preference items which was also included as a part of the Tax Reform Act of 1969. Section 163(d)(5)[15] makes reference to the minimum tax on capital gains which are included as a tax preference item by section 57(a)(9).[16] The proposed Treasury Regulations provide that capital gain dividends are to be included as a tax preference item. The Senate Report explains that shareholders are to be subject to minimum tax for those capital gains items which are passed through the corporation to them. S. Rep. No. 91–552, 91st Cong., 1st Sess., reprinted in [1969] U.S.Code Cong. & Admin. News, pp. 2027, 2148. For purposes of the minimum tax, therefore, capital gain dividends are to be treated as capital gains, which are included as a tax preference item by section 57(a)(9)(A).[17] Any apparent ambiguity in section 163(d) is thus dispelled.

After having thoroughly reviewed the relevant statutory provisions and the pertinent portions of the legislative history of the Tax Reform Act of 1969, it is the opinion of this Court that the taxpayers are required under the Code to treat capital gain dividends as capital gains for the purpose of section 163(d), in the same manner that they are required to treat them elsewhere.

The Court, therefore, holds that capital gain dividends which are reported under section 163(d) must be reported by the taxpayers as capital gains pursuant to section 163(d)(1)(C), rather than as investment income as that term is defined by section 163(d)(3)(B).

(C) an amount equal to the amount by which the net long-term capital gain exceeds the net short-term capital loss for the taxable year, plus
(D) one-half of the amount by which investment interest exceeds the sum of the amounts described in subparagraphs (A), (B), and (C).
&ast; &ast; &ast; &ast; &ast; &ast;

**15.** See footnote 6, *supra.*

**16.** Section 57(a) provides in part:

(a) *In General.*—For purposes of this part, the items of tax preference are—
&ast; &ast; &ast; &ast; &ast; &ast;
(9) *Capital Gains.*—
(A) Individuals.—In the case of a taxpayer other than a corporation, an amount equal to one-half of the amount by which the net long-term capital gain exceeds the net short-term capital loss for the taxable year. &ast; &ast;

