**Gerald F. ADLER, Plaintiff,**

v.

**AMERICAN STANDARD CORP.,
Defendant.**

**79 Civ. 1324.**

United States District Court,
S. D. New York.

Sept. 12, 1979.

J. Owen Zurhellen, III, New York City, for plaintiff.

Whitman & Ransom, New York City, for defendant; Herbert P. Polk, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is a motion by defendant to transfer this action to the District of Maryland pursuant to 28 U.S.C., section 1404(a). Plaintiff was employed in the Commercial Printing Division ("Division") of defendant from March 24, 1975 through October 12, 1978 when he was discharged. His basic claim is for wrongful discharge, although he asserts additional claims for libel, breach of representation relating to his employment and prima facie tort. The principal defense is that plaintiff was discharged for just cause although other defenses are also advanced.

Plaintiff, who was employed as Assistant General Manager of the Division at its headquarters in Hunt Valley, Maryland, charges that the real reason for his discharge was that, having discovered numerous inadequacies in the management and operation of the Division and also numerous improper and possible illegal practices, he repeatedly called these matters to the attention of his immediate superiors, James L. Sinclair and James K. Kenealy, who failed to take corrective action upon his recommendations; that thereupon he went over their heads and conveyed his information to personnel at defendant's headquarters with the result that Sinclair and Kenealy became insecure and suspicious that his activities were undermining their positions and they insisted that he resign which he refused to do, following which he received a letter terminating his employment "for unsatisfactory performance."

In support of its motion to transfer, the defendant notes the following: plaintiff is a citizen of Maryland; he has resided there during the entire period of his employment and still is a resident of that state; his services were rendered at the Division headquarters at Hunt Valley, Maryland, with the exception of the last nine months of his employment when his duties took him at times to other divisions of the Company located in Philadelphia, Pennsylvania and North Plainfield, New Jersey; Messrs. Kenealy and Sinclair, who jointly made the decision to terminate plaintiff's employment for "unsatisfactory service," and who plaintiff asserts were motivated by self-interest in effecting his discharge, live in Maryland and still perform their duties for defendant at the Division headquarters located at Hunt Valley, Maryland; the records, books and vouchers supporting the entries therein upon which in large measure plaintiff's charges are based are located

there; the Controller of the Division who had and has responsibility for its books and records, financial reports and other documents that are material to plaintiff's allegations of improper practices was and is a resident of Maryland and still is employed there, as are other persons under his supervision who are knowledgeable with respect to matters touching upon plaintiff's allegations.

The foregoing facts, which are beyond successful dispute, make a rather compelling case for transfer under the criteria enumerated by this Court in *Schneider v. Sears.*[1] Nonetheless, plaintiff resists transfer upon a claim that he is a transient citizen of Maryland and his present intention is to seek new employment elsewhere; that there are witnesses employed by defendant in its New York office who "no doubt are aware of [the] improper practices" and the steps taken to investigate and remedy them; that some of these potential witnesses and others also employed in the New York or New Jersey office of defendant have knowledge of his performance and abilities; that the statements made by Messrs. Kenealy and Sinclair allegedly defaming him and the reasons therefor were transmitted to executives in the New York office and there approved by them.

While plaintiff states he is contemplating moving from Maryland the fact is that he still is a citizen and resident of that state. In this circumstance his choice of New York State rather than his home state as the forum for trial is entitled to little weight.[2] But more important, and apart from the fact that those he has listed as potential witnesses dispute his assertions of their alleged knowledge of "improper practices and steps taken to remedy them," such knowledge is not the basic issue in the case. What was known or reported to them is subordinate to the fundamental issue—whether plaintiff was discharged for unsatisfactory service as defendant contends or

because, as he states it, "for zealously investigating or attempting to remedy improper practices." The basic facts on this issue center about plaintiff's performance of his services at Hunt Valley. It was there that he was under the direct supervision of Messrs. Kenealy and Sinclair. It was at the Division where he worked that plaintiff obtained the information upon which he bases his charge. It was Messrs. Kenealy and Sinclair who had the authority to and in fact did terminate plaintiff's employment based upon their observations at Hunt Valley as to plaintiff's performance of his duties. In sum, the central issue from which all of plaintiff's claims derive centers about plaintiff's testimony and that of Messrs. Kenealy and Sinclair who discharged him. Since all reside in Maryland plus the fact that all relevant records are located there, the balance weighs heavily in favor of a transfer to the scene of action.

Accordingly, the motion of the defendant for transfer to the District of Maryland is granted. An order to that effect may be entered.

---

1.  265 F.Supp. 257 (S.D.N.Y.1967).

2.  *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Koster v. Lumbermen's Mutual Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *A. Olinick & Sons v. Dempster Bros. Inc.*, 365 F.2d 439, 444–45 (2d Cir. 1966); *Schneider v. Sears*, 265 F.Supp. 256, 266 (S.D.N.Y.1967).